PETITION OF RICE: BOSLUND, Appellant, vs. RICE and wife,
Respondents.

*January 11—February 6, 1923.*

*Adoption: Rights of natural parents: Consent to proceedings: Bur-
den of proof: Abandonment: Evidence: Judgment in habeas
corpus proceeding: Admissibility.*

1. Adoption proceedings are statutory, and there can be no adop-
tion without the written consent of the living parents of a
child unless it be found that one of the parents has abandoned
it or gone to parts unknown, when such consent may be given
by the parent having the care of the child.
2. In case of the abandonment of a child, consent to its adoption
may be given by the court or next of kin.
3. In a proceeding in adoption, where the issue turned on the
question of abandonment of the child by its parents, the
written opinion of the county court, its findings of fact and
conclusions of law, together with its judgment in a *habeas
corpus* proceeding wherein the mother sought to secure the
child's custody from the petitioners in the instant proceeding,
were inadmissible in evidence.

4. The burden of proof in such a proceeding is ồn petitioners to establish facts justifying the adoption, and, not having the consent of the mother to the proposed adoption, they must show that the child had been abandoned by her.

5. The natural rights of parents to the control and custody of their children will not be taken from them except on clear and satisfactory evidence.

6. Evidence showing that appellant in 1919 left her infant child with its grandmother in Wisconsin while she went to Minnesota to work; that she visited the child frequently, although not contributing anything to its support; and that upon her remarriage in 1921 she attempted to gain possession of the child, for which she showed affection and a desire to reclaim as soon as she was in a position to give it a home, does not sustain a finding of abandonment.

APPEAL from an order of adoption of the county court of Pierce county: OTTO W. ARNQUIST, Acting Judge. *Reversed.*

It appears that the appellant, *Gertrude Boslund,* is the mother of Helena Schwalen, an infant of the age of four years at the time of the order appealed from. The appellant was married in the year 1915, at the age of sixteen years, to Louis Schwalen. They lived at Hudson, Wisconsin, for a time, and then moved to South Dakota. There were two children born of the marriage, a boy in 1916 and Helena in 1918. In 1918 the parents separated and the mother returned to Elmwood to live with her mother, taking the two children with her. They resided at Elmwood for some time, the appellant here and her mother working and taking care of the two children. In July, 1919, the appellant went to St. Paul to secure employment. She gave her little boy into the care of her sister, who lived at Crosby, Minnesota, and the little girl she left in the care of her mother. She worked in various restaurants and eating houses in St. Paul from that time until March, 1921, when she was married to Christian Boslund, and since then has resided in an apartment in St. Paul. In the meantime, in October, 1919, her former husband, Louis Schwalen, obtained a divorce from his wife in South Dakota. Service

was obtained upon his wife by publication. The court awarded the custody of the children to the husband, but as the children and wife were outside his jurisdiction the judgment to that extent was void. While the mother of Helena was working in St. Paul she frequently returned to Elmwood to visit her mother and the child. It seems that appellant's mother owned her own home and had some money in the bank, but that she went out doing washings at times, and when she did go she left the child with her sister, *Mrs. Margaret Rice,* one of the respondents herein. This arrangement continued for some time, when by some mutual understanding the clothing and bed of the child were taken to *Mrs. Rice's,* and the child remained there. While the child was at her mother's, and later while she was with *Mrs. Rice,* the appellant frequently visited the child, and at such times showed a motherly affection for the child although she .gave nothing for its support. The appellant was earning in St. Paul from $9 to $15 a week, besides part of her meals. After her marriage to Mr. Boslund she sought to obtain the custody of the child, which was denied her by the respondents. She thereupon sought to get possession by *habeas corpus* proceedings, and failed, whereupon the respondents herein made application to the county court to be allowed to adopt the child, and the father of the child consented to its adoption. The mother opposed the adoption and a hearing was had. The county court made an order permitting the respondents to adopt the child, and the mother appeals.

*W. G. Haddow* of Ellsworth, for the appellant.
*John E. Foley* of Ellsworth, for the respondents.

CROWNHART, J. Adoption proceedings are provided by statute. It is provided that no adoption shall be made without the written consent of the living parents of such child, unless the court shall find that one of the parents has abandoned the child or gone to parts unknown, when such con-

sent may be given by the parent, if any, having the care of the child. In case of abandonment consent may be given by the court or next of kin. The issue turns in this case solely on the question of abandonment. The county judge found that the mother had abandoned her child, and the question is, Did the evidence justify the finding?

On the hearing the written opinion of the county court, its findings of fact and conclusions of law, together with its judgment, in the *habeas corpus* proceeding wherein the mother sought to secure the custody of her child from the respondents herein, were introduced in evidence. We think the opinion of the court, its findings of fact, and conclusions of law were not admissible in the adoption proceedings. 22 Corp. Jur. p. 801, § 913; 10 Ruling Case Law, p. 1116, § 323; *State ex rel. Shea v. Evenson,* 159 Wis. 623, 150 N. W. 984. On this question the county court was in doubt, but found that if such evidence was excluded, still there was sufficient evidence in the record upon which to make, and upon which it did make, a finding to the effect that the appellant had abandoned her child.

In an adoption proceeding the burden of proof is upon the petitioners to establish the facts justifying the adoption. Not having the consent of the mother to adopt the child, it was necessary for the petitioners to show that the child had been abandoned by its mother. This court has strongly expressed itself as favoring the natural rights of the parents to the control and custody of their children. *Lacher v. Venus,* 177 Wis. 558, 188 N. W. 613. These rights will not be taken from them except upon clear and satisfactory evidence.

Under the California Code, providing that the consent of a parent to adoption is unnecessary in case of an abandoned child, the supreme court held in *In re Kelly,* 25 Cal. App. 651, 145 Pac. 156:

"Mere failure of the parents of a minor child, in the custody and under the care of a third party, to contribute,

while it is in such custody and care, to the support and maintenance of such child for a period of one year, does not itself constitute an abandonment. . . .

"To constitute an abandonment under said section of the Code, it must appear by clear and indubitable evidence that there has been by the parents a giving up or total desertion of the minor. In other words, there must be shown an absolute relinquishment of the custody and control of the minor, and thus the laying aside by the parents all care for it."

We have gone over the evidence in this case very carefully and we cannot find sufficient evidence in the case to justify the court in finding that the mother had abandoned the child. True, she did not give the child the parental care she might have given it under other circumstances, but there is no evidence to show that she ever intended to wilfully abandon the little girl. The little girl was left with the appellant's mother, and there is no evidence to show that the arrangements between the daughter and the mother were not mutually satisfactory. The custody of the child was thereafter transferred to an aunt, who it might well be presumed had a kindly interest not only in the little child but in the mother of the child. The mother returned to visit her child on several occasions, and it would seem that she always found the child being properly cared for. The respondents here made no complaint to the mother that she did not furnish money for the support of the child. It might well be that they recognized her inability to do much along that line. That the mother showed affection for the child and a desire to reclaim it as soon as she was in a position to give it a home is admitted. We think the evidence falls far short of that convincing quality necessary to permanently deprive the parent of her offspring.

*By the Court.*—The order of adoption herein is reversed, with directions to dismiss the petition for adoption.