## WILL OF MATHEWS.

*January 9—February 5, 1929.*

For the appellant there were briefs by *R. E. Bundy* of Menomonie, attorney, and *Bundy, Beach & Holland* of Eau Claire, of counsel, and oral argument by *Thomas M. Holland*.

For the respondents there was a brief by *P. B. Clark,* guardian *ad litem,* and *C. R. Freeman* and *Farnham A. Clark,* of counsel, all of Menomonie, and oral argument by *Farnham A. Clark.*

ESCHWEILER, J.  After Mrs. Mathews, the deceased, made her will in September, 1912, there being no issue of her marriage with Wilson W. Mathews, appellant here, she and her husband on September 7, 1920, together petitioned the county court of Dunn county, where they then resided, for leave to adopt as their child one May Flick, born in lawful wedlock in Washburn county, said state, May 4, 1914, and that her name be changed to Marcia Wilson Mathews. An order in conformity with such prayer was made on that date, and from then on such child was recognized as and treated by both the deceased and Wilson W. Mathews as their adopted child.

The undisputed facts material in this matter are, that in February, 1920, a petition was made to the county judge of

Washburn county, then sitting as juvenile judge, to inquire into the condition of five minor children, including May, alleged to be dependent and neglected, of one Frank Flick and his wife. Upon the hearing, Frank Flick, father of said children, was present in court with the children pursuant to summons. His wife was not summoned, having been taken by the county authorities to a hospital for necessary medical attention. Her subsequent fate does not appear in the record.

Frank Flick objected to the children being taken from him and gave testimony. After hearing, the judge of the juvenile court found that the children are underfed and undernourished and have been so, and improperly cared for, for two years last past and not having attended school for that period; "and so neglected as to amount to abandonment." It was ordered that they be taken and removed from the custody of the father, Frank Flick, and be committed to the Children's Home Society of Wisconsin, for the purpose of furnishing and providing them with suitable homes, maintenance, and educational advantages. The court made a formal order of February 23, 1920, apparently in addition to that above recited, declaring the children committed to said society for the reason that they are undernourished, underfed, and seriously neglected, the mother is on her deathbed, and the father worthless. September 8th following, and just preceding the adoption proceedings, the said Children's Home Society of Wisconsin by a writing reciting, among other things, that it has lawful custody and control and was the legal guardian of said May Flick, thereby released and surrendered said child to said Wilson W. Mathews and Mary O. Mathews, his wife, and expressly consented to the proposed adoption.

In the adoption proceedings of September, 1920, no notice was given to either of the parents of said infant by personal service, publication, or otherwise. The proceedings in the juvenile court above recited were referred to in the adoption proceedings and a copy of the order above quoted was

also presented. No finding that said child was abandoned by her natural parents or either of them was made.

In his petition for the probate of the will of deceased in the proceedings below the appellant recited that he and the deceased had, as above stated, adopted the said infant, and testified to the same effect on the hearing for the proof of the will. After the will was admitted to probate appellant made a formal petition to the effect that he had learned that the order of adoption was made without notice being given to the natural parents of the infant and without proof or finding that such parents have abandoned the child, and that therefore, because of said omission, the order of adoption was illegal and that therefore said child was not and is not the adopted daughter of the deceased, and prayed that thereafter in these proceedings the court should find that the child was not such adopted daughter and that the petitioner was the sole heir of the deceased. A guardian *ad litem* was appointed for the infant and issue joined with said petition. A subsequent petition to the same effect was interposed by the appellant. The court below denied the petition on the stated ground that the petitioner by his adoption proceedings and recognition of said child as his and his wife's adopted child is estopped now to assert to the contrary, and determined that the child was entitled to take as though a natural daughter of deceased.

No contention is here made but that if the adoption proceedings were regular and proper that, under sec. 322.05, Stats., the child would take as heir. *Sandon v. Sandon,* 123 Wis. 603, 101 N. W. 1089; *Estate of Bradley,* 185 Wis. 393, 399, 201 N. W. 973.

The duty of a court administering the estate of a deceased person in this state is one regulated by statute, and that provides, sec. 318.06 (1), "the county court shall by a judgment assign the residue of the estate, if any, to such persons as by law are entitled to the same." Such proceedings are *in rem. Will of McNaughton,* 138 Wis. 179, 194, 118 N.

W. 997, 120 N. W. 288; *Estate of Sipchen,* 180 Wis. 504, 508, 193 N. W. 385; *Will of Keenan,* 188 Wis. 163, 177, 205 N. W. 1001.

Upon such proceeding, therefore, praying for a judgment finally disposing of the estate, the county court was chargeable with the duty of determining as a question of law only whether or not the child claiming as heir by adoption was a person entitled by law to so claim, and such duty was imperative upon the court irrespective of by whom or how the question was presented. If, therefore, the child here in question had not been lawfully adopted by the deceased, she was not in law entitled to take, and no application of doctrines or maxims in equity could alter the situation.

That adoption proceedings in this state are statutory; that the statute must be strictly followed; that notice of such proceeding must be given to the natural parents; or a finding made in the adoption proceedings themselves that there has been an abandonment of the child, has been so firmly established that we shall not now repeat what has been said in the cases of *Lacher v. Venus,* 177 Wis. 558, 567, 188 N. W. 613, 24 A. L. R. 403; *Estate of McCormick,* 108 Wis. 234, 237, 84 N. W. 148; *Petition of Rice,* 179 Wis. 531, 533, 192 N. W. 56; *St. Vincent's Infant Asylum v. Central Wis. T. Co.* 189 Wis. 483, 206 N. W. 921.

The recital in the juvenile court proceedings in February, 1920, that the judge considered that the neglect of the Flick children, including the infant here, amounted to abandonment, cannot take the place of the necessary finding of abandonment in the adoption proceeding which is essential to excuse want of notice to the natural parents.

The limited nature of the proceedings in juvenile courts in that regard is discussed in *Lacher v. Venus,* 177 Wis. 558, 188 N. W. 613, *supra.* A substantially similar position is taken in *People ex rel. Riesner v. New York N. & C. Hospital,* 230 N. Y. 119, 129 N. E. 341.

The situation here is not one where the court may refuse to recognize the right of one to challenge the validity of alleged adoption proceedings because, in equity, he is estopped to make such a claim, as in *Adoption of Bearby,* 185 Wis. 33, 36, 200 N. W. 686, for here it is not material how or by whom the question is presented, and that decision expressly excludes from its effect (p. 37) just the situation we have here presented.

Whatever may be said or thought of the attitude of Mr. Mathews here, where, apparently, for the sake of the small property left by Mrs. Mathews, he is willing to repudiate and disavow the steps he joined in with her concerning the present and future welfare of this child and to take advantage of a neglect which might be chargeable to him as an actor in the guardianship proceedings, is beside the mark here in determining the vital question presented to the county court as to whether or not this child, claiming by adoption only, has a clear, legal title by valid statutory adoption proceedings to the status which she must necessarily assert to take as heir. The attention of the county court being called to the matter, it was his duty to determine the facts as to whether or not there was a valid adoption, and that alone must determine and control the disposition of this estate. The child not having shown, when challenged, a valid adoption, cannot take under the law as heir any part of the estate here in question.

It is urged on her behalf by the guardian *ad litem* that the status of this child was so fixed by the order in the adoption proceeding in September, 1920, as to be beyond question now by virtue of ch. 49 of the Laws of 1923, now sec. 322.03, Stats., because no action or proceeding was brought to vacate or nullify the same by any person having authority or right to question the validity of any adoption theretofore made in good faith on the part of the persons adopting any child. We cannot, however, construe such section as affect-

ing the situation that confronted the court below in determining the proper and legal distribution to be made of this estate.

The guardian *ad litem* has suggested to this court that an allowance should be made to him for his services here on behalf of this minor. We think an allowance should be made under sec. 324.13 (2), it sufficiently appearing that the infant has no available property of her own out of which such a payment could be directed by this court. *Will of Allis,* 163 Wis. 452, 465, 157 N. W. 548, 158 N. W. 330; *Estate of Wells,* 156 Wis. 294, 314, 144 N. W. 174. The record discloses that the guardian *ad litem* has been given an allowance for his services in the court below. We consider the sum of $250 reasonable compensation for his fees and services in presenting the matter in this court and such amount is to be paid to him by the executor out of the estate.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.