MASTROVICH, Appellant v. MAVRIC, Respondent

(287 N. W. 97.)

(File No. 8131.  Opinion filed July 22, 1939.)

*Francis J. Parker,* of Deadwood, and *E. A. Steinbach,* of Lead, for Appellant.

*Hayes & Hayes,* of Deadwood, for Respondent.

WARREN, P. J.   Petitioner, Pauline Mastrovich, petitioned the county court of Lawrence County, South Dakota, for leave to adopt Antonia Mary Mavric, her grandchild.  The petitioner appeared in person and by her attorneys and the father of the child appeared in person and by his attorneys.  The court, having examined the parties and considered the evidence, issued an order on the twenty-fifth day of September, 1937, a part of which order reads as follows:

"* * * And it appearing to the satisfaction of the court from the testimony and proofs adduced at said hearing that the said Alois Mavric does not consent to the adoption of the said Antonia Mary Mavric as prayed in the petition of Pauline Mastrovich and that the said Alois Mavric has not abandoned his said child as alleged in said petition, and the court being of the opinion that said petition should be in all things denied, it is, therefor,

"Ordered, adjudged and decreed that the petition of Pauline Mastrovich, a widow, for an order declaring Antonia Mary Mavric to be her adopted child, which said petition was filed with the clerk

of this court on the 15th day of July, 1937, be and the same is in all things hereby denied. * * *"

The petitioner perfected an appeal to this court from the said order of the county court on October fifth, 1937. Appellant states in her written brief: "There is but one assignment of error upon which appellant relies on appeal, * * *. The county court erred in entering its order dated September 25th, 1937, denying appellant's petition for the adoption of her grandchild, Antonia Mary Mavric, for the reason that the same was contrary to the evidence and against the law * * *."

In examining the evidence we will therefore particularly concern ourselves with the testimony and proofs adduced at the hearing in order to ascertain whether or not there is sufficient evidence to sustain the court's order, first, that the father did not consent to the adoption of said child; second, that he had not abandoned said child. If there is sufficient evidence supporting these two propositions, then the decision of the trial court must stand.

■■ We do not believe that it would serve any useful purpose to discuss the evidence further than to give our conclusions as to the result of our investigation of the record. We have examined the evidence in this case very carefully and we believe that the court was fully justified in reaching the conclusion that the father did not consent to the adoption and that the father had not abandoned his child. To constitute abandonment under our code it must appear by clear and convincing evidence that there has been by the parents a giving-up or total desertion of the minor child. In other words, there must be shown an absolute relinquishment of the custody and control of the minor and thus the laying aside by the parents of all care for it. Pitzenberger et ux. v. Schnack, 215 Iowa 466, 245 N. W. 713, 714. The evidence does not so show.

■ We regard the matter of desertion and abandonment as involving a question of fact, and the court having found against the petitioner and in favor of the respondent the order should not be set aside. The court had the opportunity not only to hear the testimony but was also afforded the opportunity of seeing and observing the parties and their witnesses and, aided by all the surrounding circumstances, the court found that there had been no abandonment and that the father had not consented to the adoption

as required by Section 204, 1919 S. D. Rev. Code. In this he was amply sustained by the evidence.

■ We do not believe that the petitioners have met the requirements in furnishing that degree of evidence to the court which will sustain their allegations in the petition, as it seems definitely established by able authority that in an adoption proceeding the burden of proof is upon the petitioner. In re Rice (Boslund v. Rice et al.) 179 Wis. 531, 192 N. W. 56, 57: "In an adoption proceeding, the burden of proof is upon the petitioners to establish the facts justifying the adoption. Not having the consent of the mother to adopt the child, it was necessary for the petitioners to show that the child had been abandoned by its mother. This court has strongly expressed itself as favoring the natural rights of the parents to the control and custody of their children. Lacher v. Venus, [177 Wis. 558] 188 N. W. 613 [24 A.L.R. 403]. These rights will not be taken from them except upon clear and satisfactory evidence."

We feel that the evidence falls far short of that convincing quality necessary to permanently deprive the parent of his offspring. Other matters presented by the appellant are not controlling and we have therefore refrained from expressing our views on them in this opinion.

The order appealed from is sustained.

All the Judges concur.