WILL OF BALDWIN: MARINE NATIONAL EXCHANGE BANK
OF MILWAUKEE, Executor, and another, Respondents,
vs. OUTAGAMIE COUNTY, Appellant.*

*November 7—December 4, 1951.*

*Motion for clarification of mandate granted, without costs, on
February 5, 1952.

198

The cause was submitted for the appellant on the brief of *Raymond P. Dohr* of Appleton, corporation counsel of Outagamie county, and for the respondent Marine National Exchange Bank of Milwaukee on the briefs of *Miller, Mack & Fairchild,* attorneys, and *Lynford Lardner, Jr., Joseph R. Barnett,* and *Jerome J. Klos* of counsel, all of Milwaukee, and for the respondent Milwaukee county on the brief of *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel.

BROADFOOT, J.  Under the common law a wife's residence follows that of the husband. That rule, however, has been deviated from in Wisconsin in divorce cases. In the case of *Gray v. Gray,* 232 Wis. 400, 287 N. W. 708, the husband moved to Chippewa Falls because of his work. His wife refused to move and remained in Eau Claire. After fifteen years of separation she sued for divorce from bed and board,

but the court awarded the husband a divorce upon his counterclaim based on the grounds of desertion. It was determined there that the husband has the right to select the place where the family shall reside and if the wife unreasonably refuses to move with him to the place he selects, her conduct constitutes wilful desertion under the divorce statutes. Three years later, however, in the case of *State ex rel. Ferebee v. Dillett,* 240 Wis. 465, 3 N. W. (2d) 699, this court held that where the wife left the husband because of cruel and inhuman treatment she could establish a separate residence. In *Lucas v. Lucas,* 251 Wis. 129, 28 N. W. (2d) 337, this court held that the wife might acquire a separate domicile from that of her husband if his misconduct has given her cause for divorce.

This is the first case in which we have been asked to determine whether a wife, living with her husband on friendly terms, can acquire an independent residence with his consent. The question is important in this case because of the provisions of sec. 253.03, Stats., under which the county court has exclusive jurisdiction over the estates of "all persons deceased who were at the time of their decease inhabitants of or residents in the same county."

Under sec. 49.10, Stats., which deals with poor relief, a wife has the settlement of her husband if he has one within the state. There is a distinction between legal settlement for relief purposes and being an inhabitant or resident in a county. The language of that statute, therefore, is of no aid in determining the jurisdiction of the county court under sec. 253.03.

There is a conflict in the authorities in other jurisdictions where the question has been passed upon. As a matter of policy this would be a proper question to be acted upon by the legislature.

From the stipulated facts in this case we have determined that Suzanne Petit Baldwin, at the time of her death, was an inhabitant of and a resident in Outagamie county, Wisconsin. It seems clear from the stipulated facts that Mrs. Baldwin maintained a home in Milwaukee for her convenience. Her children lived in Milwaukee, her social and club life was centered in Milwaukee, and it was convenient, though not necessary, for her to transact business in Milwaukee. However, in dealing with statutory privileges and duties, such as voting and filing income-tax returns, Mrs. Baldwin recognized the city of Appleton as her residence. Those facts are controlling and require a finding that the deceased was a resident of the city of Appleton, Outagamie county, at the time of her death.

*By the Court.*—Judgment reversed and cause remanded with directions to enter a judgment in conformity with this opinion.

The following opinion was filed February 5, 1952:

PER CURIAM (*on motion for rehearing*). The motion by Marine National Exchange Bank of Milwaukee for a clarification of the mandate is granted without costs, and the mandate is amended to read:

Judgment reversed and cause remanded with the following directions:

1. The Milwaukee county court to enter a judgment that the deceased, Suzanne Petit Baldwin, was a resident of Outagamie county, Wisconsin, at the time of her death.

2. The Milwaukee county court to certify and transmit the entire record of the probate proceedings in the estate of Suzanne Petit Baldwin to the county court of Outagamie county, Wisconsin, including the original will as filed and

the transcript of all testimony taken in connection with the admission of that will to probate in Milwaukee county.

3. The Outagamie county court to accept the record of proceedings in Milwaukee county in the estate of Suzanne Petit Baldwin; to accept jurisdiction over the estate of Suzanne Petit Baldwin based upon the determination by this court of residence at the time of her death in Outagamie county, Wisconsin; and to accept and give effect to the petition for proof of will, waivers of notice of petition for proof of will, and affidavit of military service which were originally filed with the Milwaukee county court as if they had been originally filed with and directed to the Outagamie county court and contained a recitation that Suzanne Petit Baldwin died a resident of Outagamie county.

4. The Outagamie county court to render its independent judgment upon the admission to probate of the will transmitted from the Milwaukee county court based upon the record transmitted and such additional testimony or proof as that court may deem necessary; but, in the event said will is admitted to probate, to order the admission of the will to probate and to issue letters testamentary to the executor therein named, Marine National Exchange Bank of Milwaukee, *nunc pro tunc* as of March 2, 1950, and in that event also to accept and give effect to the consent of Marine National Exchange Bank of Milwaukee to act as executor of the estate of Suzanne Petit Baldwin, dated March 1, 1950, as if such consent had been originally directed to and filed with the Outagamie county court.