ESTATE OF HERTZFELD: ANTHONY, Administrator, and others, Appellants, v. DRAHEIM, Respondent.

*April 6—May 3, 1960.*

334

For the appellants there was a brief and oral argument by *R. E. Johnson* of Waupaca, for Victor Anthony, and *Edward J. Hart* of Waupaca, for appellants other than Victor Anthony.

For the respondent there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

MARTIN, C. J.   Sec. 253.03, Stats., provides:

"(1) The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who were at the time of their decease inhabitants of or residents in the same county . . ."

In *Estate of Morey* (1956), 272 Wis. 79, 82, 74 N. W. (2d) 823, it was said:

"By the provisions of sec. 253.03 (1), Stats., the county courts are given exclusive jurisdiction to probate the wills of the residents of their respective counties."

See also *Will of Baldwin* (1951), 260 Wis. 195, 50 N. W. (2d) 463, 51 N. W. (2d) 361.

It was conceded by the Waushara county court that its jurisdiction in these proceedings depends upon whether or not Paulina Hertzfeld was a resident of Waushara county, but stated it had the duty to determine the question of residence.

Appellants maintain that the Waupaca county court having assumed jurisdiction of the estate of Paulina Hertzfeld, the Waushara county court may not question such jurisdiction. Sec. 253.05, Stats., provides:

"The jurisdiction assumed by any county court in any case, so far as it depends on the place of residence of any person or the location of his estate, shall not be contested in any action or proceeding whatever except on an appeal from the county court in the original case or when the want of jurisdiction appears on the same record."

Admittedly, jurisdiction of the estate depends on the residence of Paulina Hertzfeld. Having found that she was a resident of Waupaca county, the Waupaca county court appointed an administrator and assumed jurisdiction. There is no claim of any defect in those proceedings. No want of jurisdiction appears on the record and thus it could be questioned only on appeal. Any proceeding in the Waushara county court to determine the fact of Paulina Hertzfeld's residence would constitute a collateral attack on the jurisdiction of the Waupaca county court, contrary to sec. 253.05, Stats. The purpose of the statute is to avoid just such a situation.

" 'Collateral' attack is an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it. 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 373, sec. 37.97." *Zrimsek v. American Automobile Ins. Co.* (1959), 8 Wis. (2d) 1, 3, 98 N. W. (2d) 383.

As to the effect of sec. 253.05, Stats., see *Will of Slinger* (1888), 72 Wis. 22, 37 N. W. 236; *Estate of Morey, supra*.

There is no merit in the view that there are two separate proceedings in this case. Even if this were true, the doctrine of *res judicata* would apply.

"An issue once litigated in one cause of action is *res judicata* in a different cause of action between the same parties." *Bentson v. Brown* (1926), 191 Wis. 460, 462, 211 N. W. 132.

Thus, the very purpose for which the Waushara county court assumed jurisdiction—to determine the fact of Paulina Hertzfeld's residence—is nonexistent. The issue having been decided in the Waupaca county court in a proceeding involving the same parties, it could not be relitigated in the Waushara county court even though the proceedings were different.

There is no merit, however, in the view that there are two separate proceedings in this case, one for administration in Waupaca county and one for probate of a will in Waushara county. Although the lower court stated that the parties in interest may or may not be the same, the record shows that the parties in both proceedings are identical.

Jurisdiction depends on residence of the deceased. Her residence cannot be one thing as to administration proceedings and another as to probate of a will. Whatever the proceeding involves, its purpose is, first, to adjudicate the claims of the decedent's creditors and, second, to distribute the remainder of the property in accordance with the will or the law. Proceedings in probate court are in the nature of proceedings *in rem* and are designed to accomplish these purposes. *Estate of Sipchen* (1923), 180 Wis. 504, 193 N. W. 385; *Will of Mathews* (1929), 198 Wis. 128, 223 N. W. 434. The res is the property of the decedent upon which the will or the laws of intestacy can operate. The determination of the succession of the property is fundamentally a single proceeding. In *Will of Baldwin, supra,* the will was admitted to probate by the county court of Milwaukee county, the court determining that decedent was a resident of that county. On appeal this court found she was a resident of Outagamie county and directed the Milwaukee

county court to certify and transmit the entire record of the probate proceedings in her estate to the Outagamie county court, the latter court to have jurisdiction over the estate as if the proceedings had been initiated there.

Sec. 311.12, Stats., provides:

"If, after granting letters of administration by any county court on the estate of any deceased person as an intestate, a will of such deceased person *shall be duly proved in and allowed by said court* such letters of administration shall be revoked by order of and surrendered *to said court;* and the powers of the administrator shall cease, and he shall thereupon render an account of his administration within such time as the court shall direct."

In its decision the county court of Waushara county stated that this statute neither directs nor implies that the will must be presented to the same court which granted administration. We cannot see how such a meaning can be drawn from a reading of the statute. The language is clear and unambiguous and its only possible meaning is that where a will is found after administration proceedings have been commenced, it must be presented to the court in which the administration is pending. The county court of Waupaca county is the only court having the power to revoke the letters of administration and discharge the bond in the proceedings there pending.

From the decision and order of the Waushara county court it appears that the court was motivated by a desire to see Waushara county share in the inheritance tax payable in this estate. That is a matter which is of no concern to the court.

The conclusion reached by the Waushara county court would create chaos and confusion. The Waupaca county court assumed jurisdiction and appointed an administrator. The administrator gave a bond of $100,000 and took possession of the assets of the deceased. Should the Waushara

county court decide that Paulina Hertzfeld died a resident of Waushara county, the executor would have no means of obtaining the assets. Orderly procedure requires that if respondent desired to challenge the decision of the Waupaca county court as to the decedent's residence, he should have gone into that court and attacked the order directly by a proper motion or he should have appealed to this court as provided in sec. 253.05, Stats.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the proceedings.