M.G. EBERLEIN, County Judge, Shawano-Menominee County Court
You have requested my opinion whether the filing fees provided in sec. 253.34 (1) (a), Stats., can be charged in informal probate proceedings authorized by ch. 865, Stats., as created by ch. 39, Laws of 1973.
I am of the opinion that they should be charged and that the probate registrar should cooperate with the register of probate to see that they are collected.
Section 253.34 (1) (a), Stats., provides that the register of probate shall collect the prescribed fees:
"(a) For filing a petition whereby any proceeding in estates ofdeceased persons is commenced * * *. Such fees shall be paid at the time of the filing of the inventory or other documents setting forth the value of the estate in such proceedings * * *.The fees * * * shall also be paid in survivorship proceedings * * *." (Emphasis added.)
It is my opinion that the fees are applicable to proceedings which are within the jurisdiction of the county court, whether they are *Page 309 
proceedings formally before the court, or whether they are before the probate registrar and only subject to latent or indirect supervision of the court.
In 58 OAG 12 (1969), it was stated that the fees were applicable to an inter vivos trust where a proceeding in countycourt was necessary to determine the inheritance tax on the interest passing.
In an opinion to the District Attorney for Juneau County dated August 23, 1973, it was stated that the register of deeds is not authorized to collect and forward to the county court any of the fees set forth in sec. 253.34 (1) (a), Stats., under sec.867.045, Stats., created by ch. 41, Laws of 1973, since such proceedings were not in county court. It was stated that if it were necessary for the survivors to go into county court for special purposes, it would be for the register of probate to collect appropriate fees at that time. In enacting ch. 41, Laws of 1973, it should be noted that the legislature provided, by creation of sec. 59.57 (10m), Stats., for a $10 fee for the register of deeds for recording certificates and preparing and mailing documents under sec. 867.045, Stats.
Chapter 865, Stats., as created by ch. 39, Laws of 1973, makes no reference to filing fees to be collected in informal administration of estates. However, in view of the special fee provision contained in sec. 59.57 (10m), Stats., applicable to administrative termination of joint tenancies, it would appear that the legislature contemplated that the costs of administration should be provided for in informal proceedings. The legislature must have considered it unnecessary to provide for a special fee payable to probate registrars under the belief that sec. 253.34 (1) (a), Stats., would apply to informal administration of estates which were processed by an officer of the county court.
The fees provided in sec. 253.34 (1) (a), Stats., are minimal with respect to small estates and are graduated as to increasingly larger estates. The costs of administering estates by informal proceedings will be substantial and payable out of the budget of the county court of which the probate registrar is an officer. The fees provided in sec. 253.34 (1) (a), Stats., may well be insufficient to cover such costs.
Section 253.34 (1) (a), Stats., does not restrict the applicability of the stated fees to judicial proceedings in the county court. I am *Page 310 
of the opinion that they are applicable to so-called "administrative proceedings" conducted under the supervision of the county court by an officer of such court.
Section 865.06 (1), Stats., provides that informal administration is commenced by an "application" which shall be verified and directed to the probate registrar of the court. I am of the opinion that such application is equivalent to a "petition" referred to in sec. 253.34 (1) (a), Stats., and even if it were not the latter section also makes the fees applicable to survivorship proceedings and informal administration could be considered such a proceeding.
Article VII, sec. 2, Wis. Const., vests the "judicial power of the state, both as to matters of law and equity * * * in a supreme court, circuit courts, courts of probate * * *" and provides that the legislature may establish inferior courts with limited civil and criminal jurisdiction. Article VII, sec. 14, Wis. Const., provides for a judge of probate in each county and that "the legislature shall have power to abolish the office of judge of probate * * * and to confer probate powers upon suchinferior courts as may be established in said county."
I am of the opinion that by enactment of ch. 865, Stats., the legislature intended to confer probate powers of both judicial and incidental administrative nature on the county court to be performed in the ordinary case by the probate registrar who is an officer of that court, and that it did not intend to confer probate powers directly to the probate registrar independently of the county court. The Wisconsin Constitution appears to contemplate that probate powers are judicial in nature in essential part and hence could only be conferred in a court. They could not be conferred on an administrative official in view of the separation of powers doctrine.
Whereas sec. 865.01, Stats., does state that "Administrative action by the probate registrar is not action by the court," it defines "informal administration of estates" as "administration of decedents' estates, testate and intestate, without the exercise of continuous supervision by the court."
I construe acts of the probate administrator to be actions, not by the court, but under the authority of the court where such officer *Page 311 
acts in a probate matter which is within the jurisdiction of the county court. Such officer, as an officer of the court, can only perform those ministerial tasks specified by ch. 865, Stats., which are incidental to the judicial power us to probate which the legislature has conferred on the county courts pursuant to Art. VII, secs. 2, 14, Wis. Const.
A statute is to be construed, if possible, in a manner which will accomplish the legislative purpose and avoid construction which will render it unconstitutional. In re City of Beloit
(1968), 37 Wis.2d 637, 155 N.W.2d 633.
Section 865.03 (1), Stats., states that "A formal proceeding in this chapter is a judicial proceeding before the court * * *. It is distinguished from an administrative proceeding before theprobate registrar. * * *"
As noted above, application for informal administration shall be directed "to the probate registrar of the court * * *." Sec.865.06 (1).
Section 865.065 (1), Stats., defines "probate registrar" as "* * * the official of the court designated to perform the functions of probate registrar. * * *" Such official is designated in writing "by the court." Note that the county judge may act as probate registrar.
Before the probate registrar may proceed he must determine. pursuant to sec. 865.07 (1) (b), that:
"(b) The court of the county in which the application is madehas jurisdiction of the estate of the decedent."(Emphasis added.)
See sec. 253.10, Stats., as to jurisdiction of county courts in probate matters. Our supreme court has held that the county court of the proper county has exclusive jurisdiction as to probate matters. Estate of Hertzfeld (1960), 10 Wis.2d 333,102 N.W.2d 838.
From a reading of all of the provisions of ch. 865, it is clear that the court has a latent power of supervision and that the supervisory power of the court can be invoked by the personal representative. *Page 312 
any interested person, or the probate registrar at any time. Secs. 865.03, 865.10, 865.12, 865.135, 863.35.
RWW:RJV