**In the Matter of the ADOPTION OF Steven Ross ERNST and James Lloyd Ernst, Minors.**

**No. 13308.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 9, 1981.

Decided April 21, 1982.

Michael A. Jackley of Jackley & Flint, Sturgis, for appellant William Ross Ernst.

David Stanton, Rapid City, for appellees Charles David Michael and Judith Michael.

WOLLMAN, Chief Justice.

This is an appeal by William R. Ernst (William) from a determination that

Charles and Judith Michael could proceed with the adoption of William's two children without his consent, the trial court having determined that William had abandoned the children. (The proceedings were stayed pending this appeal.) We reverse and remand.

William Ernst and Marilyn Weber were married on March 6, 1971. Two children, the subjects of the adoption proceedings, were born to the couple: Steven Ross Ernst, on September 12, 1971; and James Lloyd Ernst, on January 6, 1973. William and Marilyn were divorced in December of 1974. Marilyn was awarded custody of the children. William was granted reasonable visitation rights, but was not ordered to pay child support. Marilyn married petitioner Charles Michael on October 12, 1975. Marilyn died in August of 1977. Charles Michael married petitioner Judith Michael in October of 1978. The Ernst boys have been living in his home since the date of his marriage to Marilyn Ernst.

William is a long-haul trucker who moved to Wyoming shortly after the divorce and thereafter to Spokane, Washington. Before Marilyn's death he had two visits with the children, called them by phone once and had once sent $200 for their support. This money was returned to him. William was unable to arrange to see the children when he returned to South Dakota upon learning of Marilyn's death. William later traveled to South Dakota for a guardianship hearing, visited the children and gave them toys. He made a second trip to the state for what he believed was another guardianship hearing, but was unsuccessful in attempting to contact anyone.

Within the year prior to these adoption actions, William had sent the children birthday cards and attempted unsuccessfully to contact them by phone. In one call, made a month before this action was commenced, William inquired about having custody of the children for a summer.

William refused to give his consent to the adoption of the children. The circuit court, however, found that William's few contacts were so insignificant that they did not negate a finding of abandonment and concluded that William had abandoned the children within the meaning of SDCL 25–6–4(2).

In determining the question of abandonment sufficient to dispense with a natural parent's consent to adoption under SDCL 25–6–4(2),* we have adhered to the standard established in *Mastrovich v. Mavric*, 66 S.D. 577, 579, 287 N.W. 97, 98 (1939):

> To constitute abandonment under our code it must appear by clear and convincing evidence that there has been by the parents a giving-up or total desertion of the minor child. In other words, there must be shown an absolute relinquishment of the custody and control of the minor and thus the laying aside by the parents of all care for it.

See *Matter of Adoption of Everett*, 286 N.W.2d 810 (S.D.1979); *In re Adoption of Christofferson*, 89 S.D. 287, 232 N.W.2d 832 (1975). In *Christofferson* we added, "[I]t is necessary to establish an intent to abandon and to relinquish parental obligations." 232 N.W.2d at 834. Unlike the natural father in *Christofferson*, the father here did not attempt to conceal himself. Nor did he fail to meet any support obligation—the pivotal factor in *Christofferson*—inasmuch as the decree of divorce imposed none. Moreover, his offer of money for support was refused. Even his suggestion that he have the children for a summer was rebuked. We hold that these facts do not clearly and convincingly establish that William intended to totally desert or absolutely relinquish custody and control of his children.

The order determining that William had abandoned his children is reversed, and the case is remanded with directions to dismiss the petition for adoption.

....

* SDCL 25–6–4 provides in part:
    A child cannot be adopted without the consent of the parents, if living, provided that in the following cases consent shall not be necessary:

(2) From any parent who has abandoned his or her child for the period of one year; ...

DUNN, HENDERSON and FOSHEIM, JJ., concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent.

The posture of this case is an appeal from an order of the trial court determining that the father of the minor children has abandoned them within the purview of SDCL 25–6–4(2).

Whether abandonment exists is a question of fact for the trial court and the court's findings will not be disturbed unless clearly erroneous. *Matter of Adoption of Everett*, 286 N.W.2d 810, 814 (S.D.1979).

Reliance on *In re Adoption of Christofferson*, 89 S.D. 287, 232 N.W.2d 832 (1975), is misplaced as it can be clearly distinguished. In *Christofferson, supra*, the natural mother was living. Here, the natural mother had been dead for nearly three years. During this period, the father did nothing to secure the custody of his children. He made no attempt to pay anything toward their support.* A couple telephone calls and a couple birthday gifts fall far short of the father's responsibility. When the mother died, for all intents and purposes, the custody determination of the divorce decree was terminated. *See* SDCL 25–5–7; *Sweeney v. Joneson*, 75 S.D. 213, 63 N.W.2d 249 (1954); *Kienlen v. Kienlen*, 227 Minn. 137, 34 N.W.2d 351 (1948). To maintain his rights as a father, he should have come forward and asserted his parental right to custody.

I not only cannot find the trial court's finding of abandonment clearly erroneous, I agree with his judgment.

---

* The $200.00 tendered, as noted in the majority opinion, was during the mother's lifetime.