Estate of Read: Read, Appellant, vs. Baker, Executor, Respondent.

*January 12—February 7, 1928.*

*Wills: Where probated: Jurisdiction of court: To determine residence as preliminary issue.*

1. It is a general rule that a will is to be probated at the domicile of the testator at the time of his death, and sec. 253.03, Stats., gives the county court jurisdiction to probate wills and administer estates of such persons, only, as were inhabitants or residents of the county at the time of their death, whether such persons died testate or intestate. pp. 129, 130.

2. Where, on an application for the probate of a will, the jurisdiction of the court is attacked on the ground that the deceased was a nonresident of the county at the time of his death, the court should decide such issue preliminary to taking up the matter of probate; and if the deceased was a nonresident of the state at the time of his death the probate proceedings should be dismissed. p. 129.

3. Where the petition for probate alleged that testatrix, at the time of her death, was a resident of the county in whose court the petition was presented, the county court had jurisdiction to ascertain as a preliminary issue whether the testatrix was or was not a resident of the county at the time of her decease. p. 130.

Appeal from an order of the county court of Fond du Lac county: A. E. Richter, Judge. *Reversed, with directions.*

This is an appeal from the decision of the court retaining original jurisdiction over the probate of the will of Flora A. Read, deceased. The executor nominated in the will, *A. P. Baker*, a resident of Fond du Lac county, filed a verified petition with the county court setting forth in substance that the petitioner was informed and believed that the testatrix, Flora A. Read, at the time of her death, was a resident of Fond du Lac county, Wisconsin; that the deceased left personal property within said county not to exceed the value of $20,000, and that the deceased left a will, duly executed, wherein the petitioner was named as executor, which will was duly presented therewith.

Estate of Read, 195 Wis. 128.

Objection was made to the allowance of the will by the brother of the deceased, residing in the city of Elgin, Illinois, who appeared specially to object to the jurisdiction of the court, on the ground that the deceased was a nonresident of Wisconsin at the time of her death.

Testimony was taken, whereby it appeared that the deceased left personal property located in Fond du Lac county, and that said estate was subject to an inheritance tax. During the proceedings a creditor, a resident of Wisconsin, filed a claim against the estate. The county court thereupon held that it had jurisdiction to probate the will, and overruled the objection of the petitioner. The court did not find as a fact whether or not the deceased was a resident of the state of Wisconsin at the time of her death.

The only issue presented on this appeal is as to whether or not the decedent was a resident of Wisconsin at the time of her death, and if not, whether the court had jurisdiction to probate the will.

For the appellant there was a brief by *Martin & Kelley* of Fond du Lac, and oral argument by *J. L. Kelley.*

For the respondent there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *A. D. Sutherland.*

CROWNHART, J. It is a general rule in the states of the Union that a will is to be probated at the domicile of the testator at the time of death. 2 Schouler, Wills (5th ed.) §§ 1001a *et seq.,* 1055, 1091, 1092; Page, Wills, § 315; Thompson, Wills, § 487; 28 Ruling Case Law, 364; *Will of Eaton,* 186 Wis. 124, 202 N. W. 309.

The jurisdiction of the county court was challenged on the ground that the testatrix, at the time of her death, was not a resident of Fond du Lac county nor of this state. It was the duty of the court to thereupon ascertain the fact, and if the fact appeared that testatrix was a nonresident of

this state at her death, proceedings in the probate of the will should have been dismissed.

It is the contention of the respondent that the county court had jurisdiction by virtue of sec. 253.03, Stats., which reads in part as follows:

"The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who were at the time of their decease inhabitants of or residents in the same county *and of all who shall die without the state having any estate within such county to be administered*, and to any other cases authorized by law. . . ."

It is claimed that the phrase emphasized applies to *all* persons who die testate without the state having any estate within said county to be administered. That construction of the statute is not permissible. The statute gives jurisdiction to *probate wills* and *administer estates*. Probate of wills of persons extends only to such as were inhabitants or residents of the county at the time of their death, and jurisdiction is given to probate estates of all who die intestate who are inhabitants or residents of the county at their death, and to all who die without the state having any estate to be administered. While the language of the statute is somewhat ambiguous, the intent is plain, and we entertain no doubt as to the meaning.

The rule of *Will of Eaton,* 186 Wis. 124, 202 N. W. 309, governs this case. The petition alleged residence of testatrix in Fond du Lac county, and was such as to give the county court jurisdiction to ascertain the fact of residence. The court should have ascertained that fact preliminary to any further proceedings.

*By the Court.*—The order of the county court is reversed, with directions to proceed in accordance with this opinion.