Lucas, Respondent, vs. Lucas, Appellant.

*June 11—July 1, 1947.*

130

For the appellant there was a brief by *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha, and oral argument by *William L. Sheldon.*

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Doris Lehner Vaudreuil.*

FAIRCHILD, J.   Having failed to appear in the action, the appellant, several months after a divorce was granted to the respondent, moves to set the judgment aside on the ground that the respondent had not been a *bona fide* resident of Wisconsin for two years prior to the commencement of the action, as required by statute.   The trial court had found that the respondent was and had been a *bona fide* resident of Wisconsin for more than two years immediately preceding the commencement of the action.   However, appellant upon this motion contends that he has always been domiciled in Iowa and that because a wife's domicile follows that of her husband, the respondent was also domiciled in Iowa within the period fixed by statute.

It was the decision of the court upon the trial that appellant had not established a *bona fide* residence in Iowa, and there is ample testimony to support that view. Prior to the time of his marriage he had been a construction worker and musician, traveling from job to job. Although his parents lived in Iowa and he was registered there for selective service, the only time he could be said to have resided there after his marriage was when he was in Clinton on a temporary construction job after his return from service. During the years he was in service the Kenosha residence of his wife and child was his residence. *Waushara County v. Calumet County,* 238 Wis. 230, 298 N. W. 613. Even if he established his domicile by taking the job in Clinton, Iowa, by the facts of this case and the law of this state, his wife did not lose her Kenosha residence and was entitled to bring her action for divorce.

She herself did not intend to abandon her Wisconsin residence when she went to visit her husband in Iowa. She took their child with her on only one of the trips. She took only the things necessary for daily comfort. She intended to remain only if a home could be made there, and appellant made no effort to find a place for them to live. It is clear that during the period covered by those visits she still regarded Kenosha as her home. She had already consulted her attorneys about a divorce before she made the last trip to Iowa. This trip was made in the vain hope of saving the marriage. We have a situation, then, where, if it be that the appellant had established a domicile in Clinton, Iowa, each party was maintaining a separate domicile. Appellant's contention is that respondent as the wife did not have a right to regard her residence in Kenosha as her domicile for divorce purposes against the general rule that the domicile of the wife follows that of the husband. It is considered that she had such a right. There are a number of grounds for this conclusion. The first is expressed in *Dutcher v. Dutcher,* 39 Wis. 651, 659, where it is said that the theory that the domicile of the wife follows the domicile of the hus-

band is excluded by our statute from application to an action for divorce by requiring an actual residence here of the plaintiff, whether husband or wife.

The right of respondent to maintain a separate residence from that of her husband for purposes of divorce might also be sustained by sec. 6.015, Stats. :

"(1) Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children, and *in all other respects.*"    (Italics ours.)

But there is a third ground upon which the respondent's right to bring a divorce action in Wisconsin must be sustained. It has long been recognized that the wife may acquire a separate domicile from that of her husband if his misconduct has given her adequate cause for divorce.    Anno. 59 L. R. A. 146; 38 L. R. A. (N. S.) 297; Madden, Personal and Domestic Relations, p. 147, sec. 49; p. 314, sec. 93.    If there is any occasion for holding that different residences existed, it arose when the appellant went to Iowa to work and the respondent continued to regard Kenosha as her home.    This did not affect her status as a resident of Wisconsin.    She at all times had regarded Wisconsin as her home.    The judgment of divorce that was granted to respondent, the merits of which are not contested here, determined that appellant's misconduct was in fact adequate cause for respondent's action for divorce.    The misconduct upon which that divorce was granted is alleged to have covered the period from his return to the time the action was commenced.    The adverse circumstances created by his conduct, his refusal to provide a place for his family to live, resulted in entitling her to maintain a separate residence in Wisconsin during that time, if indeed it can be said he was then a *bona fide* resident of Iowa.

This question of respondent's domicile was raised at the trial.    The divorce counsel advised the court that in his opin-

ion the respondent had established a home in Iowa. But the evidence before the court showed no intention of respondent to give up her Wisconsin residence. The marriage was in Kenosha, where the appellant had been employed. His work was such that he moved to places where his occupation as a traveling construction worker and musician called him, and this resulted in temporary stays. In October, 1941, shortly after the marriage, he was inducted into the army. He left respondent at her mother's home in Kenosha. She continued to reside there with the child of the parties. It was apparent before appellant's return from the army that his interest in his wife had waned. When he left military service June 8, 1945, he came to Kenosha and remained there for some twelve days. During his stay plans were discussed under which he was to obtain employment on a construction project in Kenosha. On June 20th, he left Kenosha, going to Rock Island, Illinois, for the purpose of procuring certain credentials. He telephoned that he had heard of a good paying but temporary job at Clinton, Iowa, which he was going to take. On the 27th of June respondent visited appellant in Iowa but did not find that he had made any arrangement to establish a home. Thereafter she made three visits, in each of which it was made apparent that he was too indifferent to warrant abandonment of her home in Kenosha. Evidence in the record shows association with others, which also necessarily made respondent reluctant in abandoning her Kenosha home and taking her child to Clinton, Iowa, much as she desired to have their marriage a successful venture. The securing of a habitable and respectable abode would to her mind have been some evidence of good faith which might have warranted her joining him. The trial court had before him testimony of respondent's request made to appellant, "Please try to find an apartment. . . . We have been separated all these years and I want us all to be together and if we have a home I know everything can be all right." He refused or neglected to make any effort in that direction.

She returned to Kenosha. He did not write. Her cautiously refraining from moving from her Kenosha home to wherever he was was justified. "While it is universally conceded that any change of domicile involves the abandonment of the former domicile as well as the acquisition of the new, the courts have expressed somewhat variable views as to the relative importance of abandonment. In some cases it appears to be assumed that, if the facts indicate a definite selection of a new legal residence, such facts in themselves are sufficient proof of an intention to abandon the former residence; while other cases stress the importance of abandonment and treat it as the primary and initial step toward a change." Kennan, Residence and Domicile, p. 196, sec. 93. Under certain circumstances, such as exist here, there never was either an abandonment of the old or an acquisition of the new which could be regarded as an independent or indispensable prerequisite of a change. The evidence sustains the trial court's finding. The respondent's residence being the same as the residence she maintained while appellant was in service, she had been for more than the two years next preceding the commencement of the action a *bona fide* resident of this state. The motion to vacate the judgment of divorce was properly denied.

*By the Court.*—Order affirmed.