ESTATE OF MOREY: ROSICK and others, Appellants, vs. MOREY, Respondent.

*January 11—February 7, 1956.*

For the appellants there were briefs by *Edgar E. Becker* of Appleton, and *Smith & Will* of Green Bay, and oral argument by *Mr. Becker*.

For the respondent there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *Franklin L. Nehs* and *David L. Fulton*.

GEHL, J.   We do not reach the merits of this controversy if the motion of the respondent to dismiss the appeal is to be

granted. He contends that the court's action may not be treated as a judgment because it is not "a final determination of the rights of the parties," sec. 270.53 (1), Stats., and that if it is to be treated as an order it does not "in effect determine the action and prevent a judgment from which an appeal might be taken," sec. 274.33 (1); also that the objectors are not parties aggrieved by the action of the court, and that, consequently, this court is without jurisdiction to entertain the appeal.

Sec. 253.05, Stats., provides that:

"The jurisdiction assumed by any county court in any case, so far as it depends on the place of residence of any person or the location of his estate, shall not be contested in any action or proceeding whatever except on an appeal from the county court in the original case or when the want of jurisdiction appears on the same record."

The statute does not in express terms say that an appeal may be taken from a county court's action assuming jurisdiction where the question depends on the place of residence of a person, but the provision that its action shall not be contested "except on an appeal from the county court in the original case" clearly indicates that the legislature intended that an attack such as is made in this case should be made directly and at the earliest opportunity, and impliedly recognizes that to that end an appeal from the resulting order may be taken. Although this court does not appear to have had occasion to declare in express terms that the statute does or does not authorize an appeal from an order such as is now before the court, it has recognized the right. In *Will of Durkee* (1916), 164 Wis. 41, 44, 159 N. W. 555, a petition for the probate of a will was presented to the county court of Kenosha county, it being alleged in the petition that the testator was a resident of that county. The will was admitted to probate and an executor was appointed who proceeded to administer the estate. In subsequent proceedings and after

administration of the estate, it was sought to question the jurisdiction of the county court upon the ground of non-residence. This court approved the appointment of the executor and the proceedings taken by him upon the ground, among other things, that the county court's decision assuming jurisdiction, "rendered after due notice to all parties [had] never been appealed from or reversed." We are doubtful that an appeal in a case such as this is authorized by the provisions of any other statute and assume, therefore, that the court must have had sec. 253.05, Stats., in mind. To the same effect see *Estate of Read* (1928), 195 Wis. 128, 217 N. W. 709.

By the provisions of sec. 253.03 (1), Stats., the county courts are given exclusive jurisdiction to probate the wills of the residents of their respective counties. The right to insist that a petition for probate of a will be addressed to the proper court must rest somewhere. The record does not disclose that there is presently anyone except the objectors interested in the estate who might be in a position to urge that the proceedings be had in the proper jurisdiction. The objectors also have an interest in the estate as the residuary beneficiaries named in the will, upon whom would fall the expense which might result from an adjudication delayed until after the entry of final judgment and a possible appeal that the county court of Outagamie county should not have assumed jurisdiction. The objectors are aggrieved persons. The motion to dismiss the appeal must be denied.

The appeal presents an issue of fact and, therefore, the question whether the court's finding that the testator had retained his residence in Outagamie county is against the great weight and clear preponderance of the evidence.

Two things are necessary to create a new domicile; the physical abandonment of the old domicile and a removal to and an intention to establish a new one. *Will of Eaton* (1925), 186 Wis. 124, 202 N. W. 309; *Dromey v. Tax*

*Comm.* (1938), 227 Wis. 267, 278 N. W. 400. The removal of testator from Outagamie to Brown county has been clearly established. He moved to his daughter's home in the city of Green Bay on October 1, 1953, and stayed there until he died on March 13, 1955. During all of that time he occupied his own room in the home of his daughter. It is immaterial that when he removed to Brown county he established his residence in the home of his daughter rather than setting up his own home, 17 Am. Jur., Domicil, p. 603, sec. 19, and that his habitation in Brown county was interrupted occasionally by temporary visits to Outagamie county, 17 Am. Jur., Domicil, p. 604, sec. 20, if these circumstances are found to have been accompanied by an intention to remain a resident of Brown county.

His intention to set up a domicile in Brown county is established by the testimony of two witnesses with whom he had discussed the matter. On one occasion he told the witness Gilligan, after he had taken up his residence in Green Bay, that he was making his home there for the rest of his life and that he would make his home in Green Bay with his daughter until he died. Another witness, a Mrs. Schwartz, testified that he had told her that he had come to Green Bay to make his home with his daughter as long as he lived if she would keep him. The testimony of these witnesses is unequivocal and undisputed, and in our opinion, viewed in the light of the other circumstances, establishes conclusively that testator died a resident of Brown county and that, therefore, the finding of the court is against the great weight and clear preponderance of the evidence.

*By the Court.*—Motion to dismiss appeal denied. Order reversed.