Estate of Ford: Lauterjung and another, Objectors, Appellants, v. Ford, Proponent, Respondent.

*September 7—October 3, 1961.*

For the appellants there was a brief by *Schloemer & Merriam,* and oral argument by *C. J. Schloemer* and *Leo F. Schlaefer,* all of West Bend.

For the respondent there was a brief by *Horwitz & Regner* of Oshkosh, attorneys, and *Immell, Herro, Buehner & DeWitt* of Madison of counsel, and oral argument by *Simon Horwitz.*

BROWN, J.   Without any question James F. Ford's domicile was in Chicago as long as he lived in his sister's home. He was compelled to move out because of the sister's illness, but that remained his domicile until he established a different one.

"A domicile once established is not lost until a new one is acquired.   Every one must at all times have a domicile somewhere.   Where an actual domicile has once been established, two things are necessary to create a new domicile—first, an abandonment of the old domicile, and second, the intention and establishment of a new domicile.   The mere intention to abandon a domicile once established is not of itself sufficient to create a new domicile, for before a person can be said to have changed his domicile, even though he manifests an intention to abandon the old domicile, a new domicile must be shown.   9 Ruling Case Law, p. 553, sec. 18." *Will of Eaton* (1925), 186 Wis. 124, 133, 202 N. W. 309.

"Two things are necessary to create a new domicile; the physical abandonment of the old domicile and a removal to and an intention to establish a new one." *Estate of Morey* (1956), 272 Wis. 79, 82, 74 N. W. (2d) 823.

Of course it is undisputed that on May 31, 1960, Ford moved to the Alexian Brothers Home in Oshkosh, bringing with him most of his possessions, but the evidence is clear that at this time this was temporary refuge without intention to create a new domicile there.   This is shown affirma-

tively by his declaration in his will, June 28th, that his residence was still Chicago and his contemporary search of a nursing home in that city. However, as he became better adjusted to life in the Oshkosh Home he let lapse the opportunity of coming to the Chicago Home which his brother had secured for him, and on October 7th he informed his Chicago bank that the Oshkosh Alexian Brothers Home "is now my permanent home." This is entitled to great weight. It is a written declaration of the intention to remain permanently in Oshkosh. It is subsequent to the earlier statement in his will that, in June, he still considered Chicago his residence, at a time when the reservation in the Chicago home was being held for him.

It is true that appellants produced evidence of a still-later oral statement by Ford which can be interpreted as meaning that he was still a resident of Illinois. But it can also be considered as a suggestion by Ford of a possible means of avoiding the guardianship which threatened him. A written declaration is entitled to greater weight than oral declarations. *Will of Eaton, supra,* pages 131, 132.

The trial court made a finding of fact that Ford became a resident of Oshkosh from May 31, 1960, and continued so until the time of his death. If by this is meant that Ford was domiciled there from May 31, 1960, we cannot sustain that particular finding in respect to the beginning date. But from at least October 7, 1960, the date of Ford's letter to the Chicago bank, the crucial finding that James F. Ford had his domicile in Oshkosh, Wisconsin, at the date of his death is in accord with the great weight and clear preponderance of the evidence. That being so, we must sustain the finding and with it should affirm the judgment.

*By the Court.*—Judgment affirmed.