STRANDBERG, Plaintiff, v. STRANDBERG, Defendant. [Two appeals. Cases Nos. 259 and 319.]

*April 27—June 1, 1965.*

For the plaintiff there were briefs by *Ray T. McCann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb.*

For the defendant the cause was submitted on the brief of *Eberlein & Eberlein* of Shawano.

WILKIE, J.  The court had jurisdiction of the divorce action only if Mrs. Strandberg was a *bona fide* resident of Milwaukee county for thirty days prior to the commencement of the suit pursuant to sec. 247.05 (3), Stats.[1]

The first issue presented on this appeal is whether the order dismissing the complaint is void because of the procedure employed under which the family court commissioner took testimony and made findings on the jurisdiction issue with the formal decision and order of dismissal being made by the trial court without taking additional testimony.

Plaintiff contends that the procedure amounted to a reference wrongfully made under sec. 270.34 (1), Stats., since that section permits reference on any issue with the

---

[1] "247.05  JURISDICTION IN ACTIONS TO DETERMINE QUESTIONS OF STATUS. A court of this state having jurisdiction to hear actions affecting marriage may exercise jurisdiction . . . to determine questions of status under any of the following circumstances: . . .

"(3) *Actions by or Against Residents for Divorce.* Regardless of where the cause of action arose, an action for divorce by or against a person who has been a bona fide resident of this state for at least 2 years next preceding the commencement of the action shall be commenced in the county of this state in which at least one of the parties has been a *bona fide resident for not less than 30 days next preceding the commencement of the action.*" (Emphasis added.)

written consent of the parties "[e]xcept in actions for divorce or annulment of marriages." [2]

We do not believe that there was a reference as contemplated by that statute since the commissioner was merely called upon to take testimony, and the formal findings and decision were to be made by the court. It was expressly stated by the commissioner that he would make recommendations, that he would forward these together with a full transcript of the proceedings to the court, that additional evidence could be presented to the court and that arguments could be made to the court.

A summary examination of the detailed provisions of secs. 270.34 [3] and 270.35,[4] Stats., reveals that a much more

[2] "270.34 . . . (1) Except in actions for divorce or annulment of marriages all or any of the issues in the action may be referred, upon the written consent of the parties. . . ."

[3] "270.34 TRIAL BY REFEREE. (1) Except in actions for divorce or annulment of marriages all or any of the issues in the action may be referred, upon the written consent of the parties. The court may upon application of either party or of its own motion, direct a reference of all or any of the issues in the following cases:

"(a) When the trial of an issue of fact shall require the examination of a long account; in which case the referee may be directed to hear and decide the whole issue or to report upon any specific question of fact involved therein; or

"(b) When the taking of an account shall be necessary for the information of the court before judgment or for carrying a judgment or order into effect.

"(2) When a reference has been ordered, either party may deliver to the referee a certified copy of the order of reference, and the referee shall thereupon appoint a time and place for the trial, and give notice thereof to the parties; such time to be not less than ten nor more than thirty days after the delivery of the copy of such order, unless the proceeding before the referee be ex parte or some other time be appointed by written stipulation of the parties, with the assent of the referee, or unless the court shall otherwise order.

"(3) All action upon a referee's report shall be upon notice."

[4] "270.35 POWERS OF REFEREE. The trial by referee shall be conducted in the same manner as a trial by the court. They shall have the same power to grant adjournments and allow amendments to any

formal and detached procedure is contemplated where a "referee" exercises his power under a formal reference. Formal findings by the "referee" are called for and the process prescribed for reviewing the referee's report is much more formal than the procedure employed here. The fact that the commissioner here made recommendations or findings makes of the procedure something more than the mere taking of testimony. But the procedure was not thereby transformed into a "reference'" which would have been in violation of sec. 270.34 (1).

The family court commissioner is given express authority to make temporary orders concerning "the care, custody and suitable maintenance of the minor children, requiring the husband to pay such sums for the support of the wife and the minor children in her custody and enabling her to carry on or defend the action, and in relation to the persons or property of the parties as in its discretion shall be deemed just and reasonable and may prohibit either spouse from imposing any restraint on the personal liberty of the other." [5]

pleadings as the court upon such trial, upon the same terms and with the like effect. They shall also have the same power to preserve order and punish all violations thereof upon such trial, and to compel the attendance of witnesses before them by attachment and to punish them as for a contempt for nonattendance or refusal to be sworn or testify, as is possessed by the court; and they shall give to the parties or their attorneys at least 8 days' notice of the time and place of trial; they must state the facts found and conclusions of law separately and report their findings, together with all the evidence taken by them and all exceptions taken on the hearing, to the court; and the court may review such report and on motion enter judgment thereon or set aside, alter or modify the same and enter judgment upon the same so altered or modified, and may require the referees to amend their report when necessary. The judgment so entered by the court may be appealed from as in other cases, and the report of the referees shall be incorporated in the appeal record. When the reference is to report the facts the report shall have the effect of a special verdict."

[5] Sec. 247.23 (1), Stats.

Beyond that a family court commissioner has all the powers of a court commissioner.[6] Court commissioners may take "depositions and testimony when authorized by law or rule or order of any court within its jurisdiction . . . ."[7]

Here, the commissioner was taking testimony on order of the trial court on a precise issue that was within the court's jurisdiction.

We believe that it is highly important that it was expressly understood that after the commissioner took testimony and made his report, either party could, if he or she so desired, put in more evidence before the court. Neither party asked the trial court for such an opportunity either before the court took the matter under advisement on May 21st or, in fact, at any time before the court's decision on July 29th. After that decision, Mrs. Strandberg's substituted counsel petitioned for an opportunity to present further evidence. The trial court denied that request and there is no appeal from that order.

We conclude that there was nothing invalid about the procedure used here, and that there was no abuse of discretion on the part of the trial court in ordering the taking of testimony in this way or in the process used in entering its decision and order.

This construction of the procedure employed in the instant case is consistent with the mandate of sec. 247.12, Stats., that in marital actions all hearings and trials "to determine whether judgment shall be granted shall be before the court,"[8] and also with the requirement of sec.

---

[6] Sec. 247.13 (2), Stats.

[7] Sec. 252.15 (1), Stats.

[8] "247.12 TRIAL PROCEDURE. In actions affecting marriage, all hearings and trials to determine whether judgment shall be granted shall be before the court except as otherwise required by s. 270.07 (1) . . . ." The exception required by sec. 270.07 (1) deals with issues of fact raised in divorces on the ground of adultery, and is not applicable here.

262.16 (3), that jurisdictional matters be tried to the court.[9]

Although there is understandable pressure, in view of crowded court calendars, to make increased use of the family court commissioner to take testimony on issues in a divorce action with the final decision thereon to be made by the trial court, such practice should be sparingly used and avoided where it is apparent that the resolution of an issue may be substantially influenced by the credibility of witnesses (not the situation here since the findings in this case are not substantially predicated on accepting the credibility of one witness as against another), or where the result of taking testimony in this manner would be to undermine the position of the family court commissioner as investigator and conciliator.

We now turn to the second issue presented on this appeal, namely, whether the trial court erred in finding that Mrs. Strandberg was not a resident of Milwaukee county for at least thirty days before commencing her divorce action.

Mr. and Mrs. Strandberg made their home in Antigo. Mrs. Strandberg had visited her daughter in Milwaukee five or six times between July and December of 1963, and stayed two weeks on at least one occasion. She took a train to Milwaukee on December 22d, taking with her a suitcase and a cosmetic bag. She told Mr. Strandberg that he could come along, but that he would have to stay at a motel. He remained in Antigo. Mr. Strandberg spoke with her on New Year's Day and said that he was coming to Milwaukee. Mrs. Strandberg told him not to come as she would be returning to Antigo that weekend. On January 4th Mrs. Strandberg's daughter and son-in-law drove her

---

[9] "262.16 RAISING OBJECTION TO PERSONAL JURISDICTION, GENERAL APPEARANCE. . . . (3) *Jurisdiction Issues Tried to Court.* All issues of fact and law raised by an objection specified in sub. (2) [the court's jurisdiction] shall be tried to the court without a jury in advance of any issue going to the merits of the case. . . ."

to Antigo. When she arrived she either made out a grocery list for Strandberg, or instructed him to purchase groceries. The daughter and son-in-law returned to Milwaukee January 5th, but before they left, Strandberg and his wife quarreled. The daughter admonished them that if they could not get along, they should separate. On Monday, January 6th, Mrs. Strandberg went to the dentist. On Tuesday or Wednesday she took down the Christmas tree. According to her testimony she washed and ironed, cleaned the house, and defrosted the refrigerator during the week. Strandberg denied that any of this was, in fact, ever done. Mrs. Strandberg claimed that once her daughter left, she no longer cooked for her husband. Strandberg testified that the only time she refused to feed him was after a dispute over money on Friday, January 10th. The evidence is uncontradicted that on that day Mrs. Strandberg told Strandberg that unless he deposited $100 in her account, she would no longer cook for him. On Saturday, Mrs. Strandberg went bowling with a friend, returned home, locked Strandberg out of the house, packed some clothing, and left in her own car for Milwaukee. She said something to the effect that she was leaving and would not be back for a long time. She has not returned to Antigo, although she left a considerable amount of clothing and personal items there.

In order to create a new residence, Mrs. Strandberg must have physically abandoned her Antigo home and moved to Milwaukee county with the specific intention of making her residence there.[10] Mrs. Strandberg argues that she established residence in Milwaukee county on December 22, 1963, and that when she returned to Antigo for a week beginning January 4th, she did so merely to put her affairs in order. Strandberg, on the other hand, maintains that

[10] *Estate of Morey* (1956), 272 Wis. 79, 74 N. W. (2d) 823; *Will of Heymann* (1926), 190 Wis. 97, 208 N. W. 913.

January 11th was the earliest date she could have become a resident of Milwaukee county.

The trial court's decision that Mrs. Strandberg had not resided in Milwaukee for thirty days prior to the commencement of the action is not against the great weight and clear preponderance of the evidence.[11] The frequency of Mrs. Strandberg's previous visits, her journey by train with a minimal amount of luggage, the direction to Strandberg that he could come if he stayed in a motel, and the failure of Mrs. Strandberg to give any express or implicit indication of an intention to remain permanently, all point to the conclusion that the December 22d trip to Milwaukee was just another visit. Mrs. Strandberg's leaving after a domestic quarrel over money, her comments to the effect that Strandberg would not see her again, the taking of her automobile, and her failure to return since that date all tend to suggest that January 11th was the first time she left Antigo for good. Mrs. Strandberg's claim that she returned to Antigo on January 4th merely to put the house in order was weakened by Strandberg's testimony that no tidying up was actually done. Even assuming that the tasks were performed, the trial court could reasonably believe that in leaving only after a spat over finances, that in taking eight days to clean the house, wash and iron, defrost the refrigerator, and dismantle a Christmas tree, and in finding time to bowl with a friend, Mrs. Strandberg's conduct was inconsistent with her purported reason for returning to Antigo.

The third issue on this appeal concerns the payments granted Mrs. Strandberg by the trial court after dismissing the action. The trial court ordered Strandberg to continue to pay her alimony during the appeal and to pay her $250

[11] *Hope Acres, Inc., v. Harris,* ante, p. 285, 134 N. W. (2d) 462; *Klapps v. American Ins. Co.* (1965), 26 Wis. (2d) 664, 133 N. W. (2d) 248.

toward attorneys' fees plus the cost of the transcript. Such order was proper pursuant to sec. 247.39, Stats., which provides:

"ALIMONY OR OTHER ALLOWANCE PENDING APPEAL. Alimony or other allowance for the wife or children when an appeal of a divorce or legal separation action is pending before the supreme court may be allowed under Supreme Court Rule 251.72."

The dismissal of Mrs. Strandberg's action is now affirmed on appeal. She was entitled to relief provided in the order of December 18, 1964, the terms of which shall be effective until remittitur in Cases No. 259 and No. 319. Thereupon, her action shall be dismissed and Mrs. Strandberg's claim for further temporary alimony, or for any other relief pending the outcome of the divorce litigation, will then become a proper matter to be considered by the circuit court for Langlade county where Mr. Strandberg's divorce action has been commenced and is pending.

*By the Court.*—Order of August 21, 1964, affirmed. Order of December 18, 1964, affirmed. No costs to be taxed in either case.

BEILFUSS, J. (*dissenting*). I respectfully dissent insofar as the family court commissioner was permitted to take the testimony of the witness as to the question of jurisdiction. The question of jurisdiction is a crucial determination of one of the essential elements prerequisite to a valid judgment and is not at all akin to the preliminary and temporary problems that arise during the pendency of the action. As to these preliminary matters the family court commissioner does have authority to enter temporary orders.

I construe the majority opinion to hold that issues of a divorce or annulment action are not subject to reference, but that in this instance it was not reference but more of a

direction for a deposition. "Depositions properly taken are admissible in divorce actions." *Block v. Block* (1960), 9 Wis. (2d) 378, 381, 101 N. W. (2d) 101. The record before us is void of any showing of a statutory right to a deposition.

Actions for divorce and annulment of marriage are somewhat different than the ordinary case in that the public has an interest in them and divorce hearings are required to be public. Sec. 247.12, Stats., provides:

"TRIAL PROCEDURE. In actions affecting marriage, all hearings and trials to determine whether judgment shall be granted shall be before the court. . . ."

I would hold that the court must hold a public hearing to determine the question of jurisdiction and no authority exists to permit him to delegate others to conduct the hearing even for the limited purpose of just taking the testimony.

I am authorized to state that Mr. JUSTICE HALLOWS joins in this dissent.