**Robert J. WYMELENBERG, Individually, and on behalf of all others similarly situated, Plaintiff,**

v.

**Joseph M. SYMAN, Family Court Commissioner in and for Milwaukee County, Wisconsin, Defendant.**

**Civ. A. No. 70–C–397.**

United States District Court,
E. D. Wisconsin.

June 30, 1971.

John J. Valenti, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Milwaukee County Corp. Counsel, by John R. Devitt, Asst. County Corp. Counsel, Milwaukee, Wis., for defendant.

**1354**

## OPINION AND ORDER

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

REYNOLDS, District Judge.

This is an action challenging the constitutionality of Wisconsin Statute § 247.05(3)[1] which requires that before an action for divorce may be commenced, one of the parties must be "a bona fide resident of this state for at least 2 years." Jurisdiction is established under Title 28 U.S.C. §§ 1343 and 2201, and Title 42 U.S.C. § 1983. Pursuant to Title 28 U.S.C. §§ 2281 and 2284, a three-judge court has been impanelled and the Attorney General and Governor of Wisconsin notified. Defendant has moved to dismiss the complaint.

Based on the complaint, affidavits on file, and representations of counsel, it appears that plaintiff is a member of a class composed of bona fide residents of Wisconsin who meet all standards of eligibility for commencing a divorce action except that they have not been residents of the State of Wisconsin for at least two years immediately prior to the commencement of an action to seek a divorce. The defendant is the Family Court Commissioner for Milwaukee County and by law is obligated to advise the trial court as to the merits of the action in a divorce proceeding. Wis.Stat. § 247.15. On May 22, 1970, the plaintiff commenced a divorce action in Milwaukee County Circuit Court. A month later the defendant wrote to the plaintiff to point out that neither he nor his wife appeared to fulfill the two year waiting period requirement of § 247.05(3). On November 24, 1970, the defendant advised the Honorable William R. Moser, Wisconsin Circuit Judge, that the plaintiff failed to meet the jurisdictional requirements for a divorce as outlined in § 247.05(3). After taking evidence, Judge Moser dismissed plaintiff's action for divorce holding that the Circuit Court had no jurisdiction because the plaintiff failed to fulfill the two year waiting period.

Plaintiff has challenged the two year waiting period[2] requirement of § 247.05(3) as violative of the equal protection and due process clauses of the Fourteenth Amendment. It is our opinion that this argument must prevail and that the motion to dismiss be denied.

The Supreme Court has recently stated that "marriage involves interests of basic importance in our society," Boddie v. Connecticut, 401 U.S. 371, 376, 91 S. Ct. 780, 785, 28 L.Ed.2d 113 (1971), and is a "fundamental human relationship," id. at 383, 91 S.Ct. 780, which represents one of the "basic civil rights of man," Loving v. Virginia, 388 U.S. 1, 12, 87 S. Ct. 1817, 18 L.Ed.2d 1010 (1967). Thus, when the state, exercising its established prerogative of overseeing this most important social institution, chooses to limit access to the courts in this area to only one segment of its citizenry, the court is duty bound to carefully weigh the rationales for such limitations and to investigate whether adequate alternatives are available either to the state or to its citizens. *Boddie*, supra. In the case at hand, Wisconsin by legislation has granted access to its divorce courts to "bona fide residents" who have lived in the state for at least two years

---

1. "*Actions by or against residents for divorce.* Regardless of where the cause of action arose, an action for divorce by or against a person who has been a bona fide resident of this state for at least 2 years next preceding the commencement of the action shall be commenced in the county of this state in which at least one of the parties has been a bona fide resident for not less than 30 days next preceding the commencement of the action."

2. Only the two year waiting period contained in § 247.05(3) is before this court today. We imply no view of the validity of other waiting periods and residence requirements contained in Ch. 247 or specifically of the thirty day waiting period and the residence requirements contained in § 247.05(3). Cf. Shapiro v. Thompson, 394 U.S. 618, 638 n. 21, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

but has denied similar access to "bona fide residents," such as plaintiff, who have not yet lived in the state for that length of time.

Barred from divorce, Wisconsin citizens, such as the plaintiff, have only two possible options open to them—either an annulment or a legal separation. Wis. Stat. § 247.05(1). A formal legal separation offers nothing which cannot be arrived at by a private agreement between the spouses without judicial sanction, i.e. physical separation *but not* an end to the marital bonds. In that the marriage bonds remain intact, physical separation either formal or informal cannot be said to be a meaningful alternative to divorce for those citizens who desire to dissolve the marriage contract. Annulment, while it voids the marriage, likewise cannot be deemed a satisfactory alternative in that the grounds for such a judgment, Wis.Stat. § 247.02, are entirely different from those for divorce. Wis.Stat. § 247.07. Thus, a substantial number of Wisconsin residents who possess grounds for divorce but not grounds for annulment remain barred from the courts simply "because they have recently moved into the jurisdiction." Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 1331 (1969). Clearly then, Wisconsin has pre-empted "the right to dissolve this legal relationship [i.e. marriage] without affording all citizens access to the means it has prescribed for doing so." *Boddie*, supra, 401 U.S. at 383, 91 S.Ct. at 789.

Four state interests are suggested by the lengthy two year waiting period. They are: (1) to deter those with marital problems from entering the state, (2) to maintain marital stability, (3) to assure residence, and (4) to protect the state's reputation. Each interest will be considered.

■ (1) As a means to deter individuals or families with marital problems

from entering the state, the instant statute must clearly fail as it is impermissible for a state to attempt to chill an individual's constitutional right to travel to and settle in the state of his choice. *Shapiro,* supra; Edwards v. California, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119 (1941); United States v. Jackson, 390 U.S. 570, 581, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

(2) While a state may attempt to maintain marital stability among its citizens, "this logic would also require a similar waiting period for long-term residents of the State." *Shapiro,* supra, 394 U.S. at 637, 89 S.Ct. at 1333. Thus, while this rationale might provide a sound basis for a waiting period running from the date of marriage to the commencement of a divorce action, it cannot provide a rational basis for imposing a two year waiting period on new residents only.

(3) Like the majority of sister states, Wisconsin requires both the establishment of a domicile and the fulfillment of a waiting period before divorce jurisdiction attaches, and in Wisconsin each criteria is separate and distinct from the other. Dutcher v. Dutcher, 39 Wis. 651 (1876); Lucas v. Lucas, 251 Wis. 129, 28 N.W.2d 337 (1947); Strandberg v. Strandberg, 27 Wis.2d 559, 135 N.W.2d 241 (1965); cf. Wis.Stat. § 247.22. The argument that a waiting period is justifiable as evidence of domicile was dismissed in *Shapiro.* Further, even if it is conceded that waiting periods are of some evidentiary value in determining domicile, under this rationale § 247.-05(3) would amount to an irrebuttable presumption [3] that a domicile cannot be established in less than two years. "Far less drastic means" of determining domicile are available to a trial court possessing full subpoena powers and the advice of a Family Court Commissioner.[4]

■ (4) Finally, defendant argues that if the two year waiting period is

---

3. Compare § 247.05(3) with § 247.22 where time *is* only *prima facie evidence* of domicile.

4. See Restatement (Second), Conflict of Laws, pp. 103–6 (Proposed Official Draft, Part I, May 2, 1967) for a discussion of evidence and domicile.

stricken, Wisconsin's reputation will suffer as it will become a "quickee divorce mill." We emphasize that the issue today is a waiting period requirement used in conjunction with a residence, i.e. domicile, requirement, not just a waiting period or just a domicile requirement alone. As we understand the term "quickee divorce mill," it suggests a jurisdiction which grants divorces to visitors as opposed to permanent residents or domiciliaries.[5] Accordingly, there would seem little danger that Wisconsin would turn into a divorce mill provided that the law of domicile is followed in determining jurisdiction over a divorce matter.

■ In that § 247.05(3) precludes "the adjustment of a fundamental human relationship," *Boddie*, supra, 401 U.S. at 383, 91 S.Ct. at 788 by "bona fide" Wisconsin residents for as long as two years simply "because they have recently moved into the jurisdiction," *Shapiro*, supra, 394 U.S. at 634, 89 S.Ct. at 1331, the prior mandates of the United States Supreme Court compel us to find, whether judged by the equal protection clause "compelling interest" test [6] or by the due process clause "overriding significance" test,[7] that § 247.05(3)'s two year waiting period requirement constitutes an unconstitutional impingement upon the Fourteenth Amendment of the United States Constitution.

5. A domicile is established by physical presence in the state with an intent to make it one's home. When an individual moves into a new state, the burden of proof is upon him to show that a new domicile has been established. Such proof consists of evidence of participation in the new community which is indicative of a member of the community as opposed to merely a visitor of the community. See generally Restatement, supra n. 4, at §§ 11–23.

6. Normally a state, in order to demonstrate compliance with the equal protection mandate of the Constitution, need only show that the classification bears a reasonable relationship to a permissible state objective. However, when a classification penalizes the exercise of a fundamental right, the state must demon-

It is therefore ordered that defendant's motion to dismiss be and it hereby is denied, and unless the defendant files an answer raising issues of fact within ten days, judgment will be entered declaring § 247.05(3) invalid and enjoining defendant from enforcing it.

strate a "compelling interest." In the instant case, alternatively, the fundamental right of "access to the divorce court," *Boddie*, supra, is being penalized by a two year bar upon new residents, or the fundamental right to "travel," *Shapiro*, supra, is being penalized by the denial to new residents of access to the divorce courts.

7. The state "absent a countervailing state interest of overriding significance" * * * "may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve * * * [the marital bonds] without affording all citizens access to the means it has prescribed for doing so." *Boddie*, supra, 401 U.S. at 377, 383, 91 S.Ct. at 789.