JOE E. NUSBAUM, Secretary, Department of Administration
You have asked whether the Director of the Bureau of Personnel should continue to observe the requirements of sec. 16.11 (2), Stats., that applicants for civil service examinations for state employment in the classified service be (1) citizens of the United States, and (2) residents of Wisconsin for at least one year prior to the filing of the application for employment.
With regard to the requirement of United States citizenship, recent court decisions consistently have invalidated state statutes which deny aliens equal enjoyment of state benefits. InGraham v. Richardson (1971), 403 U.S. 305, 91 S.Ct. 1848,29 L.ed. 2d 534, the court struck down state statutes that required United States citizenship and a prescribed duration of state residence as a prerequisite to application for welfare benefits. The court noted that the guarantee of the Fourteenth Amendment, U.S. Const., "to any person within its jurisdiction the equal protection of the laws" includes protection of aliens. A state cannot arbitrarily favor citizens over aliens in the distribution of state benefits. The court held that state statutes which restrict the rights of aliens directly interfere with overriding national policies in the area of naturalization and immigration. It determined that aliens lawfully in the country had the right to enter and abide in any state on an equality of legal privileges with all citizens; rules restricting the rights of aliens could be made only by the Federal Government. *Page 124 
The rationale of Graham v. Richardson was applied specifically to citizenship restrictions on state civil service examination inDougall v. Sugarman (S.D. N.Y. 1971) 339 F. Supp. 906. The court rejected arguments that such citizenship requirement insured loyalty of service to the state and that it promoted stable and efficient government operation. The court held that aliens were subject to the same obligations and responsibilities as citizens and no evidence was presented that aliens were more or less transient than citizens. To the same effect, see Purdy Fitzpatrick v. State (1969), 79 Cal. Rptr. 77, 456 P.2d 645.
The Federal Equal Employment Opportunity Commission has published Guidelines on Discrimination Because of NationalOrigin, 29 C.F.R. Ch. XIV, Part 1606, dated January 13, 1970, which states in part:
"(c) Title VII of the Civil Rights Act of 1964 protects all individuals both citizen and noncitizens, domiciled or residing in the United States, against discrimination on the basis of race, color, religion, sex, or national origin.
"(d) Because discrimination on the basis of citizenship has the effect of discriminating on the basis of national origin, a lawfully immigrated alien who is domiciled or residing in this country may not be discriminated against on the basis of his citizenship, except that it is not an unlawful employment practice for an employer, pursuant to section 703 (g), to refuse to employ any person who does not fulfill the requirements imposed in the interests of national security pursuant to any statute of the United States or any Executive order of the President respecting the particular position or the particular premises in question.
"(e) In addition, some States have enacted laws prohibiting the employment of noncitizens. For the reasons stated above such laws are in conflict with and are, therefore, superseded by Title VII of the Civil Rights Act of 1964."
Section 111.32 (5), Stats., also prohibits discrimination in employment because of natural origin. *Page 125 
In my opinion, the requirement of sec. 16.11 (2), Stats., that in order to be eligible for competitive examination for state employment applicants must be citizens of the United States, is unconstitutional and invalid.
State residence requirements as well have been challenged as unconstitutional. The Supreme Court of the United States inShapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322,22 L.ed. 2d 600, invalidated a state one-year residence requirement for eligibility to receive welfare benefits. The decision was predicted upon the penalizing effect of the durational residence qualification upon the fundamental constitutional right to travel interstate. Giving the statute strict scrutiny, the court found no compelling state interest had been established to justify denial of welfare benefits for lack of residence in the state for one year.
Relying on the precedent of Shapiro, subsequent cases have overturned a two-year residence requirement for commencement of divorce actions, Wymelenberg v. Syman (E.D. Wis. 1971),328 F. Supp. 1353; a four-month residence requirement for therapeutic abortion, Corkey v. Edwards (W.D. N.C. 1971), 322 F. Supp. 1248,1254; and a one-year residence requirement to take the bar examination, Keenan v. Board of Law Examiners of State of N.C. (E.D. N.C. 1970), 317 F. Supp. 1350, 1358-1362.
The rule formulated in Shapiro has not uniformly been applied to invalidate other durational residence standards. In Whiteheadv. Whitehead (S.Ct. Hawaii, 1-19-72), 40 Law Week 2492, a state court held valid the statute requiring a year's residence for divorce as insuring good faith in the residence of parties coming from without the state and applying for divorce. The court considered that the inhibitory effect of the statute on the right of interstate travel was too speculative and remote to render the statute invalid. Statutory distinctions between residents and nonresidents in respect to state college tuition also have been upheld. Starns v. Malkerson (D.C. Minn. 1970), 326 F. Supp. 234.
In Shapiro v. Thompson (1969), 394 U.S. 618, 638 fn. 21,89 S.Ct. 1322, 22 L.ed. 2d 600, the court stated: *Page 126 
"We imply no view of the validity of waiting-period of residence requirements determining eligibility to vote, eligibility for tuition-free education, to obtain a license to practice a profession, to hunt or fish, and so forth. Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel."
While there is substantial question regarding the validity of the one-year residence requirement, sec. 16.11 (2), Stats., in my opinion the issue is not so free of doubt that I can advise you not to enforce that provision in processing applications for state employment.
RWW:GS