RAY A. SUNDET, Corporation Counsel, La Crosse County
You request my opinion whether the family court commissioner is authorized to charge a $15 fee for hearing an order to show cause in an action affecting marriage. *Page 359 
You state that the practice to collect such fee from the moving party and to transmit the same to the county treasurer has grown up in La Crosse County.
I am of the opinion that he is without such authority.
Section 247.13 (1), Stats., does provide in part:
"* * * Such commissioner shall, by virtue of his office and to the extent required for the performance of his duties, have the powers of a court commissioner. Such court commissioner shall be in addition to the maximum number of court commissioners permitted by s. 252.14. * * *"
Section 252.17, Stats., does provide for fees for court commissioners and the $15 fee may have been charged in the past on the basis of sec. 252.17 (8), Stats., which provides for a $15 fee for attendance upon the taking of testimony or examination of witnesses in any matter or proceeding.
Section 247.17, Stats. (1957), did formerly provide that a divorce counsel shall receive $15 for appearing upon the trial and $10 for making an investigation. However, chs. 595 and 615, Laws of 1959, amended secs. 247.17 and 247.13 (1), Stats., to provide that the family court commissioner, whether full- or part-time, shall be provided with an annual salary.
The legislative note to the revision of sec. 247.17, Stats., which was also applicable to a change made in then sec. 247.29, Stats., stated:
"In keeping with the important function of a family court commissioner this section makes it mandatory that he be a salaried employee of the county instead of being compensated on a fee basis. The county board may provide him with a furnished office, supplies and stenographic services."
Your attention is directed to Strandberg v. Strandberg (1965),27 Wis.2d 559, 135 N.W.2d 241. At pages 564-566 the court discusses the limits the trial court and family court commissioner should observe with respect to the services to be performed by a family court commissioner. The court stated that the commissioner is empowered by sec. 247.23 (1), Stats., to make *Page 360 
temporary orders concerning care, custody and suitable maintenance of minor children and support of the wife during pendency of the action.
Since such function is a duty of the family court commissioner, it is my opinion that he should not impose fees based on sec.252.17, Stats., which may be applicable to court commissioners.
RWW:RJV