NATIONAL WIRE FABRIC
CORPORATION, Plaintiff,

v.

Philip NELSON, et al., Defendants.

No. PB–C–83–56.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

May 23, 1983.

Tim Boe and Jerry C. Jones, Rose Law Firm, Little Rock, Ark., for plaintiff.

Charles R. Nestrud and David Duke, House, Holmes & Jewell, Little Rock, Ark., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROY, District Judge.

This cause came on for hearing this day on the Motion to Remand filed by the plaintiff, the cause having been removed from the Chancery Court of Lincoln County, Arkansas by the defendants on February 22, 1983. The plaintiffs have asserted that complete diversity of citizenship does not exist because the plaintiff is a resident of Arkansas and all of the defendants except Philip Nelson were residents of the State of Louisiana on the date the complaint was filed. While the defendants contend that Nelson became a Louisiana resident before the complaint was filed, the plaintiff asserts that Nelson was still an Arkansas resident or was domiciled in Arkansas thus defeating jurisdiction.

The crucial question is the domicile of Philip Nelson on the date the complaint was filed January 21, 1983. The Court conducted a hearing on this issue after closely reading the excellent briefs filed by the parties and granted the Motion to Remand from the bench at the conclusion of the testimony. The following Findings and Conclusions are issued in conjunction with the granting of the Motion:

*Findings of Fact*

1. Stipulation—the parties introduced a joint stipulation at the hearing containing the following relevant facts:

a. The Nelson children, although absent from school in Star City, Arkansas, on January 24 and 25, weren't withdrawn from school until January 26, 1983 (all dates that follow are 1983).

b. All of the utilities serving the Nelson home in Star City were paid for by Nelson and remained on until February 28.

c. Nelson's change of address form was given to the U.S. Postal Service on February 10.

d. Nelson closed his bank account at a local Arkansas bank on February 28.

2. On January 17 Nelson resigned his position with the plaintiff. He stayed in a guest house owned by one of the defendants in Zachary, Louisiana for several days. He and his wife met in Monroe, Louisiana on January 21 where they stayed in a local motel while looking for housing. On the 24th they drove back to Star City where he was served with the complaint in this action and where he spent the night in their rented home. Nelson traveled in Arkansas and Louisiana and worked in Zachary until he and his wife signed a lease in Monroe on February 8.

3. On January 27 Nelson's wife and children went to Rogers, Arkansas where they stayed with her parents until the move to Monroe on February 11.

4. On January 17 Nelson's wife applied for a renewed Arkansas automobile license.

5. Neither of the Nelsons has registered to vote in Louisiana nor have they registered their vehicles there.

*Conclusions of Law*

1. Although the Nelsons testified that it was their intention on January 17 after his resignation that they were then Louisiana residents, this Court gives little weight to their statements. Self-serving and conclusory statements of intention made here were negated by the facts. *Russell v. New Amsterdam Casualty Company*, 325 F.2d 996, 999 (8th Cir.1964).

■ 2. When a person moves into a new state the burden is on him to show that a new domicile has been established. *Wymelenberg v. Syman*, 328 F.Supp. 1353 (E.D. Wis.1971). The presumption in favor of the existing domicile was not overcome by the Nelsons.

3. The Court found the presence of Nelson's wife and children at their rented home in Star City beyond the filing and service of the complaint to be highly persuasive of the location of their residence. See *Hofferbert v. City of Knoxville*, 470 F.Supp. 1001 (E.D. Tenn.1979); *U.S. v. Scott*, 472 F.Supp. 1073, affirmed 618 F.2d 109, cert. den. 445 U.S. 962, 100 S.Ct. 1650, 64 L.Ed.2d 238 (D.C.Ill. 1979).

■ 4. Federal diversity jurisdiction is unaffected by changes in citizenship after the complaint has been filed. Most of the relevant activity indicating a change in domicile by the Nelsons occurred subsequent to the filing of the complaint.

■ 5. The Court finds Philip Nelson to have been domiciled in Arkansas at the relevant times in this suit so that complete diversity of citizenship did not exist and this Court is, therefore, without jurisdiction.

6. The Court finds this action should be remanded.

IT IS CONSIDERED, ORDERED AND ADJUDGED:

That the plaintiff's Motion to Remand this cause to the Chancery Court of Lincoln County, Arkansas is hereby granted. The parties are to bear their own costs.