Thomas J. FORSYTHE, Jr., Plaintiff-Appellant-Petitioner,

v.

FAMILY COURT COMMISSIONER OF DANE COUNTY, Defendant-Respondent,

Supreme Court

*No. 84–833. Argued June 3, 1986.—Decided June 20, 1986.*

(Also reported in 388 N.W.2d 580.)

For the plaintiff-appellant-petitioner there were briefs and oral argument by *Winston Binstock,* Madison.

For the defendant-respondent there was a brief by *Robert Ganch,* acting assistant corporation counsel, with whom on the brief was *Cal W. Kornstedt,* acting corporation counsel, and oral argument by *Pamela S. Van Swearingen,* assistant corporation counsel.

BABLITCH, J.   Thomas J. Forsythe, Jr., (Forsythe) maintains that he has an absolute right, as a party to a postdivorce proceeding before the Family Court Commissioner, Dane County (Commissioner), to record the entire proceeding at his own expense. We recognize his right to record such a proceeding, but conclude that exercise of this right is subject to the commissioner's administrative authority. Because we hold that the family court commissioner may limit the method or extent of a party's recording of a proceeding, we uphold the decision of the court of appeals, which affirmed the circuit court's order that Forsythe did not have an absolute right to record proceedings before the commissioner.

The sole issue for review is whether a party to a postjudgment proceeding before a family court commissioner has an absolute right to record the entire proceeding at the party's own expense.

The parties do not dispute the facts of this case. On May 6, 1981, Forsythe appeared before an assistant family court commissioner in a contested postdivorce proceeding related to child custody and contempt of court. A court reporter whom he had hired accompanied him in the hearing room and made a stenographic record of part of the proceeding. His reporter did not

record the entire proceeding because the commissioner ordered her to stop recording for a period of time on penalty of contempt. During the time when the reporter was not recording, the parties discussed an issue related to visitation of their children. After this discussion, the commissioner allowed the reporter to resume recording. Forsythe then restated the discussion and the proceeding continued.

In an affidavit which he subsequently submitted to the circuit court, the commissioner stated that he ordered the reporter to stop recording ". . . in the belief that the parties were posturing for the record and that the progress of the proceeding was thus being impeded. . . ." He further stated that, in his opinion, the proceedings during the unrecorded period ". . . were fruitful and resulted in substantial progress . . ." which could not have been made if verbatim recording had continued.

Pursuant to sec. 806.04, Stats., Forsythe commenced an action for declaratory judgment in the circuit court for Dane county. The Commissioner did not contest the propriety of the declaratory judgment action and we do not address this issue in our review. In a motion for summary judgment, pursuant to sec. 802.08, Forsythe sought a declaratory judgment stating that: "A litigant appearing at any proceeding before the Family Court Commissioner has a right to make, at the litigant's own expense, a stenographic record of the entire proceeding."

After reviewing affidavits, depositions, and briefs which the parties submitted, the circuit court determined that the issue was appropriate for summary judgment. In a memorandum decision, the court denied Forsythe's motion for summary judgment and dis-

missed his complaint. On February 27, 1984, the court issued an order awarding summary judgment to the Commissioner, pursuant to sec. 802.08(6), Stats.

Forsythe appealed to the court of appeals, which summarily affirmed the order of the circuit court in an unpublished decision. He then appealed to this court and we granted his petition for review on October 21, 1985.

■

When reviewing a circuit court's grant of summary judgment, this court will reverse the judgment of the circuit court only if the court incorrectly decided a legal issue or if material facts are in dispute. *Prince v. Bryant,* 87 Wis. 2d 662, 666, 275 N.W.2d 676 (1979). The parties do not dispute any material facts. For this reason, we address only the question whether the circuit court incorrectly decided a legal issue.

Forsythe contends that he has an absolute right to make a complete, verbatim recording at his own expense of any proceeding before the family court commissioner to which he is a party. He maintains that the commissioner may not restrict this right unless he uses a method of recording which produces distracting sounds. Characterizing a recording as a "record" for subsequent uses, he also argues that due process requires the commissioner to permit him to make a "record" of the proceeding in its entirety. According to Forsythe, whenever a party intends to use a recording to prepare legal documents or arguments or intends to rely on the recording in a subsequent proceeding, the party's right to record becomes absolute, or is subject only to limitations related to noise and distraction.

Forsythe further argues that making a complete recording would not unduly burden the commissioner

or impair the efficiency of the proceedings. Finally, he asserts that this court should not prohibit the use of such a recording in subsequent judicial proceedings.

In response, the Commissioner acknowledges that Forsythe has the right to make some private record of the proceeding, but disputes that this right is absolute. According to the Commissioner, the family court commissioner has the authority to limit recording of proceedings if that is necessary to maintain the order, decorum and efficiency of the proceedings.

■

This court recognizes that ". . . the right of public access to the courts is not a right to be taken lightly . . ." and that it is rare that a judge can appropriately limit public access to the courts. *State ex rel. La Crosse Tribune v. Circuit Ct.*, 115 Wis 2d 220, 242, 340 N.W.2d 460 (1983). In keeping with our longstanding tradition of safeguarding the right of the public to access to court proceedings, this court pursuant to its superintending authority over all courts now also recognizes the right of parties to make records for their own use of proceedings in which they participate. Of course, these private recordings do not constitute an official record.

■

Having established that parties may record proceedings before the family court commissioner, we turn to the question of an appropriate standard to guide the commissioner in those rare instances in which restrictions on the right to record are justified. In doing so, we exercise our superintending and administrative authority over all courts, pursuant to art. VII,

sec. 3 of the state constitution, set forth below.[1] *See also In re Hon. Charles E. Kading,* 70 Wis. 2d 508, 517, 235 N.W.2d 409 (1975).

The appropriate standard for limitations on recordings of proceedings before the family court commissioner must take into account the responsibilities of the commissioner and the purposes of the proceedings. First, the family court commissioner must administer the proceedings, as authorized by sec. 767.13(1)(b), Stats. and the applicable rules of the circuit court, set forth below.[2] In addition, under ch. 767, the commissioner has special responsibility to implement the legislature's goal of promoting ". . . the settlement of financial and custodial issues in a way which will meet the real needs of all concerned persons as nearly as possible." 1977 Wis. Laws c. 105, sec 1. *See,* secs. 767.23 and 767.32. Therefore, the commissioner must sometimes function as a conciliator. *Strandberg v. Strandberg,* 27 Wis. 2d 559, 566, 135 N.W.2d 241 (1965).

As Forsythe concedes, the commissioner has the authority to limit recordings of proceedings when the method of recording impedes the proceedings, in order

---

[1] Article VII, sec. 3(1) provides: "The supreme court shall have superintending and administrative authority over all courts."

[2] Section 767.13(1)(b), Stats., provides, in relevant part: "The family court commissioner, by virtue of the office and to the extent required for the performance of the duties, has the powers of a court commissioner."

In 1981 the rules of the circuit court for Dane county specifically authorized the family court commissioner to conduct post-judgment proceedings related to child custody and contempt. Dane County Court Rules, Family Court Rule 2. The rules also specified that parties to these proceedings had the right to a *de novo* hearing before a judge on these issues. *Id. See also* sec. 767.13(1m), Stats.

to administer the proceedings effectively. We conclude, however, that the responsibilities of the commissioner go beyond a duty to conduct quiet or distraction-free proceedings, as Forsythe argues. In addition to ensuring orderly proceedings, the commissioner must try to bring the parties to reasonable settlements of their differences, if possible. To do so, the commissioner must supervise the proceedings in ways which affect their substance, discouraging excessive behavior, encouraging appropriate resolutions of specific issues and the like. Therefore, the administrative authority of the commissioner must include the power to limit recording which interferes with the achievement of reasonable settlements.

■ The commissioner's authority is, however, not unbridled. Before a family court commissioner may order a party to temporarily discontinue verbatim recording of proceeding or to refrain from using a particular method of recording, the commissioner must determine that recording at a particular phase of the proceeding or in particular manner significantly impedes achievement of the essential purposes of the proceeding. Further, the commissioner must explain the limitation imposed and must not so limit recording that the restriction impedes the party's participation or representation.

■ In this case the affidavit which the family court commissioner submitted to the court sets forth the commissioner's belief that temporary restrictions on Forsythe's verbatim recording of the proceeding were necessary to end conduct which impeded the achievement of a settlement of a visitation issue. The better

practice would have been for the commissioner to explain his reasons for suspending stenographic recording to the parties at the time. Nevertheless, the reasons which the commissioner subsequently provided satisfy the standard which we now establish as a control on the administrative authority of the family court commissioner. For this reason, we uphold the circuit court's order and affirm the decision of the court of appeals in this case.

*By the Court.*—Decision of the court of appeals is affirmed.

LOUIS J. CECI, J. *(concurring).* I agree with the court of appeals that "a person has no right to make a transcript of the proceedings before a family court commissioner"; I would affirm the court of appeals on that basis. I would not extend to the parties a general right to record such proceedings.

The proceedings before a family court commissioner are usually very informal. This informality allows the parties to release and thereby diffuse hostile emotions, which in turn may lead to the beneficial result of the parties' agreeing to the contents of the commissioner's temporary order. Interposing a party's recording mechanism adds an element of adversariness to the proceedings and makes it more difficult for the family court commissioner to serve in his or her role as conciliator. *See, Strandberg v. Strandberg,* 27 Wis. 2d 559, 566, 135 N.W.2d 241 (1965).

The majority does not pretend that it derives a party's right to record proceedings before a family court commissioner from statutory law. I note, however, that sec. 767.13(1m), Stats., specifically gives the moving party the right to *de novo* review of the family

court commissioner's "decision, order or ruling." It is at this point in the proceedings—when the parties are in a court of record—that they are entitled to make a record. To allow a party the right to record the proceedings before the family court commissioner not only will destroy the beneficial effects of the informal nature of the proceedings, it also will be superfluous, given that sec. 767.13(1m) provides for *de novo* review.

The majority posits that the right to record the proceedings before the family court commissioner follows from the right of public access to court proceedings (at page 327). I am unpersuaded that the general concept of public access to the courts supports the holding that parties have the right to record proceedings before the family court commissioner; I divorce myself from that reasoning.